# Richmond

## NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY V. GENERAL ELECTRIC COMPANY.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*W. R. L. Taylor,* for the plaintiff in error.

*Vandeventer, Eggleston & Black,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The General Electric Company instituted an action in the Circuit Court of the city of Norfolk against the New Jersey Fidelity and Plate Glass Insurance Company to recover certain attorney's fees and interest aggregating the sum of $3,730.84. All matters of fact and law were submitted to the court without the intervention of a jury

and judgment was rendered in favor of the General Electric Company. The correctness of that judgment is before this court upon a writ of error.

The facts, most of which are not in dispute, may be stated as follows: The Spear Engineers, a Virginia corporation, operated a ship-building plant in the city of Portsmouth, Virginia, and on August 14, 1928, entered into a contract with the city of Portsmouth and the county of Norfolk, which were the owners and operators of the Norfolk County Ferries, for the construction of a ferry boat. Under the terms of the contract the builder was to be paid as the work on the boat progressed. The contract provided that the boat should be kept clear of all liens and claims of any kind. It also provided that the contractor or builder should enter into a bond, with good and sufficient surety, to secure the faithful performance of the contract, and to protect and save harmless all subcontractors, laborers and others who performed labor or furnished materials in and about the construction of the boat. Such a bond was duly executed on August 14, 1928, and the plaintiff in error, a surety company, became surety thereon.

On January 25, 1929, the contractor, the Spear Engineers, contracted with the General Electric Company, the defendant in error, for the purchase of certain electric propulsion motors and equipment for installation in the boat. It was provided in this contract that the title to the motors and equipment should be retained by the General Electric Company until they were fully paid for. The contract was recorded in the office of the clerk of the Corporation Court of Norfolk on March 13, 1929, and in the office of the clerk of the Circuit Court of Norfolk county on May 31, 1929. It was conceded that the contract for the reservation of title was not recorded in the proper clerk's office and therefore it was not effective for its purposes, except as between the parties thereto and the city of Portsmouth and the county of Norfolk which entities otherwise had notice thereof.

The General Electric Company furnished and delivered to the Spear Engineers equipment and material, under the contract, to the amount of $19,361.18, a part of which, $6,600.00, was paid in cash, leaving a balance of $12,761.18.

The Spear Engineers, under its contract with the owners, was to receive the third payment on the construction work, $42,120.00, when the boat was sixty per cent completed. The requisite percentage of completion was not attainable unless there was included in the computation the materials and equipment furnished by the General Electric Company and which was then on the shipyard.

The General Electric Company was concerned about the payment of the balance due it which was evidenced by two notes of equal amount, which were past due, and through its legal department, wrote to the city of Portsmouth on May 7, 1929, asking that it and the county of Norfolk set aside a sufficient sum to pay such balance due by the Spear Engineers to be taken or deducted from the next payment to be made by them to the Spear Engineers on their contract. In this letter the General Electric Company made claim to the electrical equipment by reason of its reservation of title thereto. Pursuant to this letter the equipment referred to was embraced in the computation and thereby the sixty per cent of completion of the boat was reached and the third payment became due the contractor. This payment was made, after deducting therefrom the $12,761.18 due by the contractor to the General Electric Company and it was segregated and set apart as requested by being placed in the hands of C. U. Freund, superintendent of the ferries, for the benefit of the General Electric Company. It was later deposited in the American National Bank of Portsmouth to the credit of "Chas. U. Freund, Supt. Special Account—General Electric Lien. 6-1-29. Checks as follows:

"$ 12,761.18
182.88

"$ 12,944.06."

The Spear Engineers received the residue of the third payment made by the owners and consented to the deduction of the full amount and interest due by it to the General Electric Company and since that time it has asserted no claim to or interest in said sum so deducted and set apart. Thereafter the General Electric Company made no claim or demand upon the Spear Engineers or the ferries for payment of the said amount. It remained in bank in the account referred to, earmarked and segregated, from June 1, 1929, until October 7, 1929. The General Electric Company, of course, had actual knowledge of the deduction and the deposit of the fund in the Portsmouth bank from the time it was made.

The Spear Engineers was adjudicated a bankrupt on October 7, 1929, and the trustee in bankruptcy claimed the said fund as a part of the bankrupt's assets or estate, and he was successful before the referee in bankruptcy, but upon appeal to the United States District Court for the Eastern District of Virginia, the judgment of the referee was set aside, the court holding that the fund was not a part of the estate of the bankrupt and upon appeal to the Circuit Court of Appeals for the Fourth Circuit the judgment of the District Court was affirmed. See *Stickney* v. *General Electric Co.*, 44 Fed. (2nd) 362, 365. There the court said: "* * * In accordance with this arrangement, the fund was earmarked and in effect paid into the hands of the ferries for the account of the General Electric Company which had the right thereafter at all times to receive it. * * *" After the decision of the Circuit Court of Appeals, the trustee paid over to the General Electric Company the $12,944.06, being the precise sum which had been set aside by the ferry owners at the request of the General Electric Company, with the consent of Spear Engineers, on June 1, 1929. It included interest to this date.

In prosecuting its claim before the referee and the courts above referred to the General Electric Company incurred attorney's fees, expenses and loss of interest on the fund

from the date of the deposit to November 1, 1930, which aggregated the sum of $3,730.84. This, it claimed, it was entitled to collect from the surety company, the plaintiff in error, upon the bond of Spear Engineers.

The plaintiff in error was duly notified on November 5, 1929, of the bankruptcy of Spear Engineers and of the efforts of the General Electric Company to obtain the fund which had been set apart and it was invited to join in the litigation and warned that it was being prosecuted at its (the plaintiff in error) risk. To this it gave no heed and the matter was pursued to a successful conclusion by the General Electric Company alone.

The correspondence of the parties and the testimony of the agents of the General Electric Company show that it was aware of the fact that its debt was cared for in the manner above detailed.

A notice of motion for judgment was filed by the General Electric Company against the plaintiff in error alleging that it was liable to it as surety on the bond for the sum incurred for attorney's fees, etc., with interest from June 1, 1929. A plea of the general issue, grounds of defense and a special plea, setting up the fact that Spear Engineers had settled its indebtedness to the General Electric Company in the manner described, were interposed; the case was heard by the trial court without a jury, and judgment was rendered in favor of the electric company.

By adverting to the surety bond which is the source of liability, if any, of the plaintiff in error, it will be observed that it contains no provision which embraces attorney's fees, interest or the like. No terms of the bond indemnify against loss on account of these items.

The settlement of the claim of the General Electric Company, as previously detailed, was made without the consent or knowledge of the surety company, and without any reliance upon the said bond.

It is also patent that the General Electric Company had a valid lien upon the equipment and materials it furnished,

as between itself and the Spear Engineers and the ferry owners, though it was not properly recorded, because, as to the original parties to the lien agreement, it was unnecessary that it be recorded. As to the ferry owners, actual notice of the lien had been given them which was effective without recordation. Of course the surety company was entitled to exoneration by the enforcement of the lien, a right which was entirely destroyed without its knowledge or consent.

The attorney's fees were incurred by the General Electric Company in asserting its right to the fund against other creditors of Spear Engineers, which latter company asserted no rights or control in or to the fund after it had been set apart.

After the third payment was made to the Spear Engineers on June 1, 1929, from which was deducted the full amount of the debt due the General Electric Company, which was withheld from the Spear Engineers, and credited to the electric company at its request, the liability of the ferry owners to the electric company was substituted for that of the Spear Engineers by the express consent of all the parties. This consent, as to the electric company, was evidenced by its request that the amount due it be dealt with as was done. As to the Spear Engineers it was shown by its willingness to enter into and actually participating in the arrangement, and as to the ferry owners by the fact that they actually complied with and effected the arrangement.

From the time this was effectuated the interest of the Spear Engineers in the fund ceased to exist and the fund became the property of the General Electric Company and it was so held to be by both the United States District Court and the United States Circuit Court of Appeals.

From the time of the deduction and setting apart of the fund, any right of action the General Electric Company previously had against the Spear Engineers was extinguished and the ferry owners became liable in their stead.

After June 1, 1929, the General Electric Company had no claim against the Spear Engineers and it follows that it could have no valid claim against the surety company on the bond because satisfaction by the principal obligor of the obligation under the bond completely exonerates the surety.

Our conclusion is that the facts in the case clearly show a novation of the debt due the General Electric Company by the Spear Engineers. This being true the judgment of the trial court is reversed, and final judgment is now entered for the plaintiff in error.

*Reversed.*