In re Robert Charles FELMEY, Debtor.

Robert Charles FELMEY, Plaintiff,

v.

HOUSEHOLD FINANCE
CORPORATION,
Defendant.

In re Junior Ray EASON, Sandra
Darlene Eason, Debtors.

Junior Ray EASON, Sandra Darlene
Eason, Plaintiffs,

v.

HOUSEHOLD FINANCE COMPANY,
Defendant.

In re William Hoover KNOWLES,
Drucilla Orilia Knowles, Debtors.

William Hoover KNOWLES, Drucilla
Orilia Knowles, Plaintiffs,

v.

ASSOCIATES FINANCE SERVICE,
Defendant.

In re Gladys Catherine EATON, Debtor.

Gladys Catherine EATON, Plaintiff,

v.

GENERAL FINANCE COMPANY,
Defendant.

In re Brenda Kay WILLIAMS, Debtor.

Brenda Kay WILLIAMS, Plaintiff,

v.

GENERAL FINANCE CORPORATION,
Defendant.

In re Robert Vernon CRAMER, Jr.,
Robin Tarkenton Cramer, Debtors.

Robert Vernon CRAMER, Jr., Robin
Tarkenton Cramer, Plaintiffs,

v.

BENEFICIAL FINANCE CO., Defendant.

In re William Floyd KING, Debtor.

William Floyd KING, Plaintiff,

v.

AMERICAN FINANCE CO., Defendant.

In re Hallard Thomas GREEN, Carolyn
Joyce Green, Debtors.

Hallard Thomas GREEN, Carolyn Joyce
Green, Plaintiffs,

v.

BENEFICIAL FINANCE COMPANY,
Defendant.

In re Jessie Willard THOMPSON, Carol
Ann Thompson, Debtors.

Jessie Willard THOMPSON, Carol Ann
Thompson, Plaintiffs,

v.

BENEFICIAL FINANCE CO., Defendant.

In re Diane (NMN) JENKINS, Debtor.

Diane (nmn) JENKINS, Plaintiff,

v.

TUSING FINANCE COMPANY,
Defendant.

Bankruptcy Nos. 80–00570, 80–01529, 80–
00584, 80–00583, 80–01760, 80–00609, 80–
01031, 80–00937, 80–01488 and 80–01489.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

Feb. 26, 1981.

**332**

Stephen G. Test, McLean, Va., Berg & Gordon, Virginia Beach, Va., for all debtors.

## ORDER FINDING LIENS NONAVOIDABLE

HAL J. BONNEY, Jr., Bankruptcy Judge.

Proceedings in all of the above-captioned cases came on for hearing on February 24,

1981, upon applications for the avoidance of liens pursuant to 11 U.S.C. § 522(f). In each instance the original loan and the perfection of a lien had been made prior to November 6, 1978, which under the Court's decision in *In re Barto*, 8 B.R. 145, (1981), would render a lien based upon such loan nonavoidable. However and further, in each instance at least one subsequent loan was made wherein the prior note was cancelled and no new recordation pursuant to the provisions of the Uniform Commercial Code, Title 8.1, Code of Virginia, was made of the new agreement.

Therefore, counsel for the debtors argues that in reality there are no valid liens.[1]

In order to analyze the problem, it is necessary to differentiate between two distinct security interests: perfected and unperfected. The debtors argue that in order to create a valid lien enforceable against a debtor, the creditor must perfect the lien by filing a financing statement. As will be shown below, this is not the law.

To create a security interest of any kind, it is necessary to execute a security agreement that conforms to section 8.9–203, Code of Virginia, 1950. In relevant part the statute provides:

"... a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless

(a) ... the debtor has signed a security agreement which contains a description of the collateral ...; and

(b) value has been given; and

(c) the debtor has rights in the collateral ...." § 8.9–203(1).

These are the only prerequisites to the creation of a valid security agreement. A security agreement which conforms to the statute is effective according to its terms *between the parties.* Section 8.9–201, Code of Virginia, 1950. *Universal Credit Co. v. Taylor,* 164 Va. 624, 180 S.E. 277 (1935); *New Jersey Fidelity and Plate Glass Insurance Co. v. General Electric Co.,* 160 Va. 342, 168 S.E. 425 (1933); *Janney v.*

---

1. It is interesting, then, that if no liens exist, applications to avoid liens would be filed.

*Bell*, 111 F.2d 103 (4th Cir. 1940); *Stickney v. General Electric Co.*, 44 F.2d 362 (4th Cir. 1930); *In re Mann*, 318 F.Supp. 32 (W.D.Va. 1970).

A security interest is *perfected* by filing a financing statement. Section 8.9–302, Code of Virginia, 1950. If a financing statement is not filed, the security interest still attaches by operation of § 8.9–203. Although unperfected, it is enforceable between the parties under § 8.9–201.

An unperfected security interest is only inferior to certain specific interests, such as that of an intervening judgment lien creditor without notice. See generally Section 8.9–312, Code of Virginia, 1950. It is not inferior to all interests. ·

■ In other words, the issue of perfection is irrelevant in the context of these cases. The creation of the lien is critical; the steps taken to establish the priority of the lien are not germane to the inquiry. A creditor with an unperfected security interest nevertheless has a valid lien against the debtor enforceable in a non-bankruptcy forum. Section 8.9–201, Code of Virginia, 1950.

■ Thus, the creditors in these cases have valid, if unperfected, liens against the property of the debtors. In light of the opinion of this Court in *In re Barto, supra*, only those liens which attached on or after November 6, 1978, may be avoided.

The liens which are the subjects of the above-captioned proceedings are, accordingly, not avoided.

IT IS SO ORDERED.