In re Cynthia Deloris CLARK, Debtor.

Cynthia Deloris CLARK, Plaintiff,

v.

TRANSOUTH FINANCIAL CORPORATION, Defendant.

In re John Henry SPARROW, Wertley Etta Sparrow, Debtors.

John Henry SPARROW, Wertley Etta Sparrow, Plaintiffs,

v.

BENEFICIAL DISCOUNT COMPANY, Defendant.

In re Joseph Eugene MYERS, Debtor.

Joseph Eugene MYERS, Plaintiff,

v.

GENERAL FINANCE CORPORATION, Defendant.

In re Thomas Marvin LANKFORD, Ella Zennie Lankford, Debtors.

Thomas Marvin LANKFORD, Ella Zennie Lankford, Plaintiffs,

v.

TUSING FINANCE COMPANY, Defendant.

Bankruptcy Nos. 80–01610, 80–01612, 80–01810 and 80–01666.

United States Bankruptcy Court, E. D. Virginia, Norfolk Division.

March 5, 1981.

408

Ronald J. Berg, Berg & Gordon, Virginia Beach, Va., for all of the debtors.

## ORDER AVOIDING LIENS

HAL J. BONNEY, Jr., Bankruptcy Judge.

This matter came to be heard upon the applications of the debtors herein to avoid the nonpossessory, nonpurchase money security interests of the above-captioned creditors pursuant to 11 U.S.C. § 522(f). The debtors, having been apprised of the Court's opinion in *In re Felmey et al*, 9 B.R. 331, Case. No. 80–00570, February 26, 1981, requested an additional ruling in order to establish the time frame of analysis to be used. The Court renders the following opinion and order.

The cases present analogous factual settings. Each of the debtors initially borrowed money prior to the "cut off date" of November 6, 1978, as established by this Court in *In re Barto*, 8 B.R. 145, —— BCD —— (E.D.Va.1981). The debtors then refinanced the notes after November 6, 1978. In refinancing the loans the creditors cancelled the original notes and executed new notes and security agreements. When the original notes were cancelled, the underlying debts were extinguished causing the creditors' initial security interests to cease.

As is clear from this Court's opinion in *In re Felmey, supra*, the new security agreements give rise to valid though unperfected liens against the debtors by operation of section 8.9–201, Code of Virginia, 1950.

In essence, each transaction creates a new lien. For purposes of applying section 522(f) of the Bankruptcy Code, it is the date of execution of the *last* security agreement (i. e., the date of the final refinancing) which is controlling. If that date is prior to November 6, 1978, the lien may not be avoided. If it occurred after November 6, 1978, the debtor may avoid the lien if he follows the proper procedural steps.

In these cases the debtors refinanced after November 6, 1978. The liens are, therefore, avoided.

IT IS SO ORDERED.