**In re Bobby Wayne HOBDY, Cathy Marie Hobdy, Debtors.**

**Bankruptcy No. 4–81–00068.**

United States Bankruptcy Court,
W. D. Kentucky.

Feb. 5, 1982.

Ronald Bamberger, Owensboro, Ky., for debtors.

Albert W. Barber, Jr., Owensboro, Ky., for creditor.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on objections of a creditor, Beneficial Finance Company of Kentucky (Beneficial), by counsel, to the avoidance of its lien by the debtors pursuant to 11 U.S.C. § 522(f) and to the debtors' redemption of certain property pursuant to 11 U.S.C. § 722 in which it holds a security interest.

Previously, in the case of *In re Cunningham, et al.*, 17 B.R. 463. No. 1–80–00031, issued April 29, 1981, this Court found that a nonpossessory, nonpurchase money lien on exempt property of the debtor consummated after November 6, 1978 (the date of enactment of the Bankruptcy Reform Act of 1978) is avoidable by debtors, does not deprive creditors of due process, and thus 11 U.S.C. § 522(f) has constitutionally permissible application to those liens. As the transaction or transactions in issue occurred in 1979, the question to be decided then relates to the nature or character of the interest(s) involved—i.e., whether the interests or either of them are

purchase money security interests and as such are neither subject to avoidance under 11 U.S.C. § 522(f) nor redemption pursuant to 11 U.S.C. § 722.

The facts as they pertain to the question before the Court are undisputed and may be briefly recited as follows:

On or about March 21, 1979, the debtors entered into a retail installment contract with the Western Auto Store for the purchase of a washer and dryer with the total amount of $826.48 being the deferred payment price. This contract was thereafter assigned to Beneficial Finance Company.

Subsequently, on October 19, 1979, debtors again entered into a retail installment contract with Western Auto for the purchase of a refrigerator. Again this contract was assigned to Beneficial. A notation on the second installment contract appears as "P/O—$456.55", and when this sum is added to the purchase price of the refrigerator in the amount of $509.99, plus finance charges, etc., the total deferred payment price becomes $1391.44. The refrigerator was listed as the sole item of collateral on the second contract.

There is no indication that any financing statement was filed to perfect these interests; instead Beneficial relies on the "character" of the interest to negate the requirement of a Uniform Commercial Code filing for perfection. Each of the contracts in question contains the following language:

"The Seller reserves a purchase money security interest in the goods described above under the heading called, "Description of Articles" until the Total of Payments is paid in full . . ."

and

"It is anticipated that this contract will be assigned to BENEFICIAL FINANCE CO. OF KENTUCKY, at its office at 303 West Broadway, Louisville, Kentucky 40202 or any branch closer to your residence."

The debtors filed a petition under Chapter 7 of the Bankruptcy Code on February 25, 1981, and subsequently moved to avoid the creditor's lien on exempt household goods—the washer and dryer. The debtors also made a motion to redeem the refrigerator for the amount of $200.00. The creditor objects to both motions contending that it holds a valid purchase money security interest in the washer, dryer, and refrigerator, and that the liens thereon are subject neither to avoidance nor redemption by the debtors.

The United States Bankruptcy Court has jurisdiction of the parties and the subject matter of this controversy pursuant to 28 U.S.C. § 1471.

Section 522(f) of the Bankruptcy Code, 11 U.S.C. § 522, states in part:

". . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled .. if such lien is—

. . . (2) a nonpossessory, nonpurchase money interest in any—

(a) household furnishings, household goods . . . that are held primarily for the person, family, or household use of the debtor or a dependent of the debtor.

Kentucky Revised Statute 355.9–107 reads in its entirety as follows:

"A security interest is a 'purchase money security interest' to the extent that it is

(a) taken or retained by the seller of the collateral to secure all or part of its price; or

(b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

Admittedly, Beneficial was not the seller here, and so must fit, if at all, within the subsection (b) category in order to hold a purchase money security interest. Comment 2 of the drafters of § 9–107 of the Uniform Commercial Code states:

"[w]hen a purchase money interest is claimed by a secured party who is not a seller, he must of course have given present consideration. This Section therefore provides that the purchase

money party must be one who gives value 'by making advances or incurring an obligation'; the quoted language excludes from the purchase money category any security interest taken as security for or in satisfaction of a pre-existing claim or antecedent debt."

Initially Beneficial has no purchase money security interest under this section as its interest was taken as security for a pre-existing claim belonging to the seller, Western Auto. Does Beneficial, however, acquire a purchase money security interest as assignee of the retail installment contract? There is little, if any, case law which provides insight into this matter. In the several cases involving similar matters, the continued status of a purchase money security interest after assignment is assumed. See *In re Ten Brock*, 4 UCC Rep.Serv. 712 (W.D.Mich.1966), Bankruptcy No. 28, 123–B; *In re King-Porter Co., Inc.*, 9 UCC Rep. Serv. 339 (5th Cir. 1971); *General Motors Acceptance Corp. v. Troville*, 6 UCC Rep. Serv. 409 (N.D.Mass.1969).

■ This Court is thus led to the conclusion that initially Beneficial held a purchase money security interest in the washer and dryer by virtue of assignment of the retail installment contract from the seller. No document was required to be filed as a condition of perfection under KRS 355.9–302 which states in pertinent part:

(1) A financing statement must be filed to perfect all security interests except the following:

. . . (d) a purchase money security interest in consumer goods; . . . .

The second retail installment contract was based on the same relationship of the parties, and was for the purchase of a refrigerator. Likewise, the second assignment would appear to grant Beneficial a valid purchase money security interest. However, the refrigerator was the only item of collateral listed thereon with the remaining unpaid portion due under the previous contract added to the amount of indebtedness due on the refrigerator.

■ The authorities have been unanimous in holding that if consumer goods secure any price other than their own, and there is no formula for application of payments, the security interest in those goods is not purchase money. *In re Johnson*, 1 BCD 1023 (S.D.Ala.1975); *In re Norrell*, 426 F.Supp. 435 (M.D.Ga.1977); *In re Manuel*, 507 F.2d 990 (5th Cir. 1975); *In re Mulcahy*, 3 B.R. 454 (Bkrtcy.S.D.Ind.1980); *In re Jackson*, 9 UCC Rep.Serv. 1152 (W.D.Mo. 1971); Cf. *In re Staley*, 426 F.Supp. 437 (M.D.Ga.1977) (security agreement specifying first-in, first-out method of applying payments held to create a purchase money security interest in one item, a stereo).

The case of *In re Manuel, supra,* is closely analagous to the instant situation. In that case the Fifth Circuit held, in similar circumstances, that the statutory requirements of a purchase money security interest require that such interest be in the item purchased; and the purchase money security interest cannot exceed the price of what is purchased in the transaction wherein the security interest is created, if the vendor is to be protected in the absence of filing. The Court voided a security interest in all items made under a prior security interest agreement and specifically stated that they did not express any view as to whether there was a valid purchase money security interest in the subsequent purchase of a TV set. The prior purchase and the balance due thereunder were consolidated in the security agreement taken on the later purchase of the TV set.

"In Kentucky, the rule is that a renewal note does not extinguish the original obligation unless there is a novation." *Cantrill Construction Company v. Carter*, 418 F.2d 705, 707 (6th Cir. 1969), citing *Porter v. Bedell*, 273 Ky. 296, 298, 116 S.W.2d 641 (1938).

A "novation is the substitution of a new obligation for an old one, with the intent to extinguish the old one, or the substitution of a new debtor for an old one, with the intent to release the latter, or the substitution of a new creditor, with the intent to transfer the rights of the old one to him."

*Truscon Steel Co. v. Thirwell Elec. Co.*, 265 Ky. 414, 417, 96 S.W.2d 1023, 1025 (1936).

■ It has been found that intent is the essential element in proving a novation. *Cantrill Construction Company v. Carter, supra*, at 707. In *Cantrill*, the Court states: "... [I]t is clear that the parties to the transaction did not intend that the new note was to extinguish the original obligation for the note specifically recites that it is 'Renewal No. 1 Orig. Amt. $30,310.00.' It also recites the date of the original loan and refers to the collateral for that loan. It is difficult to imagine a clearer case than this." *Id.* at 707.

In the case, *In re Jones*, 5 B.R. 655 (Bkrtcy.M.D.N.C.1980), the Court held that the character of the original lien was discharged by the advancement of additional sums and refinancing of the note. Here, the Court suggested that the first refinancing without regard to any further advances ended the purchase money character of the debt, and held the lender strictly to the form of the transaction.

■ With the reasoning in *Jones, supra*, as followed in *In re Alston*, 11 B.R. 184, 7 BCD 894 (Bkrtcy.W.D.Tenn.1981), this Court would agree. Since the sum due on the first contract was simply added to the second contract, under Kentucky law, the purchase money character of the security interest in the washer and dryer was extinguished by novation, thereby converting that interest to one in the nature of a nonpossessory, nonpurchase money security interest requiring a UCC filing for perfection. Clearly, Beneficial is chargeable with notice of the applicable avoiding authority of § 522(f) and is subject thereto.

As regards the nature of the security interest remaining in the refrigerator, the case of *In re Coomer*, 8 B.R. 351 (Bkrtcy.E.D.Tenn.1980), as applied in *In re Slay*, 8 B.R. 355 (Bkrtcy.E.D.Tenn.1980), provides a noteworthy exception to the Courts' consistent denial of purchase money status when collateral secures its own price as well as antecedent debts. The Court in *Coomer, supra*, expressed concern that the prevailing construction ignores the language of the definition which makes a security interest purchase money *to the extent* the collateral secures its price. The Court stated:

"The real problem is proving the purchase money security interest. (Citations omitted.) Section 9–107(a) does not completely exclude the seller's purchase money security interest, but without a method of determining its extent, the seller must be held not to have a purchase money security interest. Likewise, there is nothing in section 9–107(b) that says that a lender who makes a partly purchase money loan cannot have a partly purchase money security interest." *Id.* at 353–354.

While expressing these reservations the Court in *Coomer* still applied the prevailing rule to the consolidation of a purchase money and a nonpurchase money interest to find that the interest must be deemed nonpurchase money in the absence of a method "for determining the extent to which the new furniture secures only its purchase price." 8 B.R. at 355.

■ Approximately a week later, the same Court, in *In re Slay, supra*, which should be considered in connection with *Coomer*, held that where a lender consolidates a purchase money loan, the lender effectively gives up its purchase money status, but that where after consolidation of a purchase money loan with a subsequent nonpurchase money loan, no payments were made, the amount of purchase money debt was that owed at the time of consolidation, and the creditor had a secured claim for the value of the purchase money collateral which could not be avoided in bankruptcy.

The Court in this instance agrees with the holding in *Slay*, as it applies to the case at bar. The contract here clearly delineates the amount due on the washer and dryer as $456.55, and lists the purchase price of the refrigerator as $509.99 with taxes of $25.50. There is no evidence of record revealing that any payments were made by the debtors on this contract, and therefore we may conclude that the value of the purchase money security interest held by Beneficial

in the refrigerator is the purchase price of the refrigerator at the time of the consolidation of the two installment contracts.

Debtors urge that they be allowed to redeem collateral pursuant to Section 722, Bankruptcy Code, 11 U.S.C. § 722. This section states that:

"An individual debtor may ... redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under Section 522 of this title ... by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." 11 U.S.C. § 722.

■ The right to redeem amounts to a right of first refusal for the debtor to purchase consumer goods that might otherwise be repossessed. See H.R.Rep.No.95–595, 95th Cong., 1st Sess. 380–381 (1977), U.S. Code Cong. & Admin.News 1978 p. 5787. The right allows the debtor to retain his necessary property and avoid the high replacement cost that might be required if the secured creditor repossessed. *Id.*

■ Whereas avoidance under Section 522(f)(2) is restricted to nonpossessory, nonpurchase money security interests, redemption under Section 722 may be from a purchase money security interest as well as a nonpurchase money security interest. It may be noted that the express exception of purchase money agreements from the right to redeem in Section 722 of Senate Bill 2266, 95th Cong., 2d Sess., was not included in the final Act.

■ Redemption is accomplished by the debtor paying the lienholder the amount of the allowed claim secured by the lien. Under Section 506(a), 11 U.S.C. § 506, the amount of the allowed secured claim of an undersecured creditor is the value of the secured party's collateral. See S.Rep.No. 95–989, 95th Cong., 2d Sess. 68 (1978); H.R. Rep.No.95–595, 95th Cong., 1st Sess. 356 (1977). Section 506(a) states that "such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property...." 11 U.S.C. § 506(a).

In the instant case, the refrigerator as the household good in question certainly qualifies for redemption under the Bankruptcy Code.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the debtors' motion to avoid the lien of Beneficial on a washer and dryer be and is sustained, and the lien is so avoided as a nonpossessory, nonpurchase money security interest in household goods pursuant to 11 U.S.C. § 522(f).

IT IS FURTHER ORDERED AND ADJUDGED that the purchase money security interest held by Beneficial in the refrigerator be and is subject to redemption pursuant to 11 U.S.C. § 722, upon payment of the value of the collateral in which Beneficial holds a purchase money security interest.