In re Rodney A. SCHNEIDER and Debra A. Schneider, Debtors.

Rodney A. SCHNEIDER and Debra A. Schneider, Plaintiffs,

v.

BENEFICIAL FINANCE COMPANY OF NORTH DAKOTA, Defendant.

In re Dennis Marvin HOYE and Patricia Lynn Hoye, Debtors.

Dennis Marvin HOYE and Patricia Lynn Hoye, Plaintiffs,

v.

BENEFICIAL FINANCE COMPANY OF NORTH DAKOTA–Jamestown, Defendant.

In re James Jacob GIENGER and Pamela Kay Gienger, Debtors.

James Jacob GIENGER and Pamela Kay Gienger, Plaintiffs,

v.

AVCO FINANCIAL SERVICES OF NORTH DAKOTA, INC., Defendant.

Bankruptcy Nos. 80–05147, 80–05088 and 80–05193.
Adv. Nos. 81–7073, 81–7074 and 81–7122.

United States Bankruptcy Court, D. North Dakota.

March 10, 1982.

Jay D. Carlson, Fargo, N. D., Duane Kragness, Wahpeton, N. D., Michael D. Nelson, West Fargo, N. D., for plaintiffs.

John V. Boulger, Fargo, N. D., for defendants.

JOINT DECISION

HAROLD O. BULLIS, Bankruptcy Judge.

Each of the above adversary proceedings involve lien avoidance questions under

§ 522(f) of the Bankruptcy Reform Act, 11 U.S.C. § 522(f). In Adversary No. 81–7074 (HOYE), a trial was held and copies of the note, security agreement, and identification of security in question were introduced into evidence. In Adversary No. 81–7073 (SCHNEIDER) and Adversary No. 81–7122 (GIENGER) the parties filed stipulations of fact and agreed that the Court could make its determination without trial.

Each case involves non-possessory, non-purchase money security interests in household goods claimed as exempt in the Debtors' bankruptcy proceedings. In HOYE and GIENGER security interests were granted the creditors during the so-called "gap" period between the date of enactment of the Bankruptcy Reform Act and its effective date of October 1, 1979. In SCHNEIDER the Debtors gave Beneficial a security interest in household goods prior to November 6, 1978, the enactment date of the Bankruptcy Reform Act. However, the debt was refinanced during the "gap" period, the Schneider's executing a new note, security agreement, and identification of security. One additional item of security, a 1954 Dodge pickup, was added to the secured property and $739.00 in new money was advanced to the Schneider's.

In none of the cases did the Debtors file adversary proceedings seeking avoidance of the liens in question until after the Debtors' bankruptcy cases were closed. In neither HOYE nor GIENGER did the Debtors file a petition to reopen the bankruptcy proceedings prior to filing their adversary complaints, while in SCHNEIDER the bankruptcy case was reopened before the complaint was filed.

In GIENGER the creditor, AVCO Financial Services, filed a counterclaim seeking possession of the property in which it has a security interest.

This Court previously ruled in *In re Manske,* Bkptcy. 80–05344 (July 31, 1981), an unreported decision, that liens created during the "gap" period that impair a debtor's exemptions can be avoided under § 522(f) without doing violence to the due process requirements of the Fifth Amendment. The Defendants contend, however, that this Court lacks jurisdiction to avoid liens after the Debtors have been granted their discharge and their bankruptcy cases closed. They further contend that the Debtors are required to reopen their bankruptcy cases before complaints may be filed to avoid liens under § 522(f).

Bankruptcy Courts are not in agreement as to when complaints seeking the avoidance of liens under § 522(f) must be filed. Several courts have held that such actions must be brought prior to the entry of the debtor's discharge, reasoning that, while neither the Bankruptcy Code nor the Bankruptcy Rules specify the time when such actions must be brought, in order for the parties involved to know their respective rights with regard to the property in question, and in order to effectively carry out the provisions of the Bankruptcy Reform Act, there must be some finality in determining the rights of the parties. See *In re Adkins,* 7 B.R. 325, 2 CBC 2d 1228, 6 B.C.D. 997 (Bkrtcy., S.D.Cal.1980); *In re Krahn,* 10 B.R. 770, 7 B.C.D. 767 (Bkrtcy., E.D.Wis. 1981); and *In re Porter,* 11 B.R. 578 (Bkrtcy., W.D.Okl.1981).

Other courts, however, have refused to fix such time limits, holding that the right to avoid liens under § 522(f) is a personal right of the debtor that is not material to the administration of the estate, that Congress did not place a time limit on the assertion of that right, and that in the absence of prejudice or delay to the creditor the court lacks the power to create an arbitrary time limit in which that right must be asserted. See *In re Swanson,* 13 B.R. 851, 8 B.C.D. 13 (Bkrtcy., D.Idaho 1981); *In re Baskin,* 14 B.R. 110, 8 B.C.D. 161 (Bkrtcy., E.D.N.C.1981); and *In re Gortmaker,* 14 B.R. 66, 8 B.C.D. 67 (Bkrtcy., D.S.D.1981).

This Court is more persuaded by the reasoning of *Swanson, Baskin,* and *Gortmaker.* While it finds considerable merit in the argument that bankruptcy proceedings should have some finality and agrees that time limits on the assertion of the debtor's rights under § 522(f) might be desirable, this Court does not believe that it can, nor

that it should, arbitrarily fix those limits. If time limits are to be imposed it should be done by statute or by a duly promulgated bankruptcy rule.

In SCHNEIDER, the Debtors, relying largely on *In re Clark*, 9 B.R. 407 (Bkrtcy., E.D.Va.1981), contend that it is the date of refinancing that determines whether the lien can be avoided. In *Clark* the Court held that the date of the execution of the last security agreement is controlling for purposes of applying § 522(f), reasoning that when the original note was cancelled the underlying debt was extinguished and the initial security interest no longer existed.

Beneficial argues that the *Clark* Court ignored the provisions of the Uniform Commercial Code dealing with the priority of competing liens in the same secured property, citing § 41–09–33(5)(a) of the North Dakota Century Code, and several cases dealing with priorities under the Uniform Commercial Code. Beneficial further argues that its continuous perfected security interest vested in it a property right from the date of first perfection, and that a deprivation of that right by § 522(f) is unconstitutional, citing *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Circ. 1981).

The arguments of Beneficial concerning the Uniform Commercial Code provisions are inapposite. The instant case, unlike the cases cited by Beneficial, does not deal with the priority of competing liens. Instead, it concerns a new right accorded debtors by the Bankruptcy Reform Act to avoid certain liens that impair their exemptions.

Nor does *Rodrock* compel the finding suggested by Beneficial. *Rodrock* dealt only with security interests arising prior to the date the Bankruptcy Reform Act was signed into law on November 6, 1978. While holding that Congress could not, under the bankruptcy power, "completely take for the benefit of a debtor rights in specific property previously acquired by a creditor," *Rodrock* did not deal with the taking of property rights acquired after the enactment date.

As previously stated, this Court has ruled that a security interest created during the "gap" period may be avoided under § 522(f). Here, the latest note and security agreement were executed by the Debtors on February 27, 1979. The prior debt to Beneficial was extinguished at that time and a new debt was created. The prior debt having been extinguished Beneficial's security interest ceased to exist. It is the new note and security interest created on February 27, 1979 that Beneficial would be entitled to enforce were it not for the filing of the Debtors' bankruptcy petition. That security interest, having been granted during the "gap" period, is avoidable by the Debtors under § 522(f).

This Court does not believe it necessary that a closed bankruptcy case be reopened in order for the debtor to bring an action to avoid liens under § 522(f). 28 U.S.C. § 1471 gives this Court jurisdiction over all civil proceedings arising under or related to a case under Title 11. As was pointed out in *In re Swanson, supra*, an adversary proceeding seeking the avoidance of liens under § 522(f) does not affect the administration of the bankruptcy case. It affects only a personal right of the debtor. Thus there is no compelling reason to require a closed bankruptcy case to be reopened as a condition precedent to bringing an avoidance action. Such an action is merely related to a bankruptcy case and, since it does not affect the administration of the case, the Court has jurisdiction under 28 U.S.C. § 1471 to entertain such actions after a bankruptcy case is closed without reopening the case.

One other matter should be addressed. Many debtors in this district have attempted to avoid liens of the nature in question here by merely noting on their bankruptcy petition a desire or intent to avoid liens under § 522(f). This Court agrees with the determination made in *In re Adkins, supra*, that such notice is not sufficient to avoid such liens. Affirmative action of the type called for by Bankruptcy Rule 701 requiring the institution of an adversary proceeding to determine the va-

lidity, priority or extent of a lien or other interest in property, must be taken.

For the reasons stated,

IT IS ORDERED that the liens in question in each of the above adversary proceedings are avoided and that the counterclaim in Adversary No. 81–7122 is dismissed.

JUDGMENTS MAY BE ENTERED ACCORDINGLY.