Charles F. Ketchey, Tampa, Fla., for plaintiffs.

Domenic Massari, Tampa, Fla., for defendant.

**In the Matter of Russell Robert BESSEY aka Russell Bessey and Rebecca Lorraine Bessey, Debtors.**

**Russell Robert BESSEY and Rebecca Bessey, Plaintiffs,**

v.

**ASSOCIATES FINANCIAL SERVICES, INC., Defendant.**

**Bankruptcy No. 80–1954.**

**Adv. No. 81–0106.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Sept. 9, 1982.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Motion for Summary Judgment filed by Associates Financial Services, Inc. (Associates), the Defendant in the above-captioned adversary proceeding, who asserts that there are no issues of material fact and it is entitled to judgment as a matter of law.

The facts germane to the resolution of this Motion are without serious dispute and may be summarized as follows:

In August of 1978, prior to the enactment of the Bankruptcy Reform Act of 1978, the Debtors obtained a loan from Associates. The loan was secured by a lien on some of the Debtors' household goods and furnishings. This loan later was renewed in June of 1979. The lien granted to Associates is admittedly a non-purchase money, non-possessory security interest. In December of 1980, the Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code and claimed as exempt all their personal properties, including property encumbered by the lien of Associates. On March 31, 1981, the Debtors instituted this adversary proceeding and sought to avoid the lien of Associates pursuant to § 522(f) of the Code.

The Defendant contends that the retroactive application of the lien avoidance provisions of the Bankruptcy Code, § 522(f), to liens created prior to the enactment of the Bankruptcy Reform Act of 1978, Pub. L. 95–598, 92 Stat. 2549, i.e. November 5, 1978, is an unconstitutional taking of property without due process of law contrary to the

protection afforded by the Fifth Amendment to the Constitution of the United States.

A retroactive application of any provisions of the bankruptcy law involving property rights, received the attention of the Supreme Court as early as 1935 in the case of *Louisville Joint Stock Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). This case involved a provision of the *Frazier-Lemke Act of 1933* which amended § 75 of the Bankruptcy Act of 1898. The amendment permitted Debtors to stay state foreclosure proceedings for five years and also provided that the debtor at the end of five years could redeem the property by paying only the appraised price of the mortgaged property. In declaring this amendment to be unconstitutional, the Supreme Court stated that:

> The bankruptcy power, like the other great substantive powers of Congress, is subject to the Fifth Amendment. Under the bankruptcy power, Congress may discharge the debtor's personal obligation, because, unlike the states, it is not prohibited from impairing the obligations of contracts. [Citations omitted]. But the effect of the act here complained of is not the discharge of Radford's personal obligation. It is the taking of substantive rights in specific property acquired by the bank prior to the Act. 295 U.S. at 589.

The Court concluded that application of the Frazier-Lemke Act retroactively constituted taking properties without just compensation, which is prohibited by the Fifth Amendment of the U.S. Constitution.

Liens created prior to November 6, 1978, the date that the Bankruptcy Reform Act of 1978 was enacted, are often referred to as "pre-enactment liens". Those created between November 6, 1978 and its effective date of October 1, 1979, are referred to as "gap liens". This case, of course, involves a pre-enactment lien. Several courts have found the application of § 522(f) to pre-enactment liens constitutional. *In re Stump,* 8 B.R. 516 (Bkrtcy. D.S.D. 1981); *In re Paden,* 10 B.R. 206 (Bkrtcy. E.D. Pa. 1981); *In re Pillow,* 8 B.R. 404 (Bkrtcy. D. Utah 1981). The majority of the courts which have considered the question, however, have found it unconstitutional. *In re Bibb,* 10 B.R. 40 (Bkrtcy. E.D. Mich. 1981); *In re Felmey,* 9 B.R. 331 (Bkrtcy. E.D. Va. 1981); *Groves v. Household Finance Co.,* 9 B.R. 775 (Bkrtcy. D. Colo. 1981). *See also, Morris v. Associates Finance Co.,* 12 B.R. 321, 325 n. 6 (Bkrtcy. N.D. Ill. 1981).

There is no doubt that the holding in *Radford* prohibits a substantial impairment of substantive rights in specific property by legislation, which rights were created prior to the enactment of the legislation. There is no doubt that a lien is a property right, and the secured creditor's right is substantial, regardless of the actual value of his collateral. *Rodrock v. Security Industrial Bank,* 3 B.R. 629 (Bkrtcy. D. Colo. 1980), *aff'd,* 642 F.2d 1193 (10th Cir. 1981).

In this case, the Defendant acquired its rights in the collateral by lien, prior to the enactment of the Reform Act, i.e. November 6, 1978. Therefore, under *Radford,* its vested rights cannot be taken from the Defendant by Congress for the benefit of the Debtors, based on retroactive application of § 522(f).

In light of the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Defendant be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that judgment be, and the same hereby is, entered in favor of the Defendant and against the Plaintiff and the complaint be, and the same hereby is, dismissed with prejudice.