In the Matter of Hershel Lee LOVETT and Margie Ann Lovett, Debtors.

Hershel Lee LOVETT and Margie Ann Lovett, Appellants,

v.

BENEFICIAL FINANCE CO., Appellee.

Bankruptcy No. 80–01729–SJ.

No. 81–6007–CV–SJ.

United States District Court,
W.D. Missouri,
St. Joseph Division.

Oct. 8, 1982.

Hugh A. Miner, St. Joseph, Mo., for appellants.

Steven C. Effertz, Stoup & Bohm, Kansas City, for appellee.

ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING DECISION AND ALLOWING LIEN AVOIDANCE

SACHS, District Judge.

The Court has heretofore affirmed the final judgment of Bankruptcy Judge Stewart denying the complaint of plaintiffs (debtors) for lien avoidance. *Matter of Lovett,* 11 B.R. 123 (D.C.W.D.Mo.1981). The theory of the Court was that the security interest vested prior to the date of enactment of the Bankruptcy Code could not constitutionally be made subject to the new lien avoidance provisions. *Rodrock v. Security Industrial Bank,* 642 F.2d 1193 (10th Cir. 1981), prob. juris. noted, —— U.S. ——, 102 S.Ct. 969, 71 L.Ed.2d 108 (1981).

Debtors moved for reconsideration, contending that there was a refinancing on March 25, 1980, subsequent to the passage and effective date of the Code, which allows the lien avoidance provisions of the Code to be given effect. The facts are not in controversy. While there is significant carefully ruled authority to the contrary (*Matter of Chambell,* 17 B.R. 597 (Bkrtcy, W.D.Mo. 1982); *In re Gibson,* 16 B.R. 257 (Bkrtcy., D.Kan. 1981)), the considerable weight of recent authority clearly favors holding that a creditor who renews or refinances a loan subsequent to the date of the Code subjects itself to the lien avoidance provisions of the Code. *Matter of Ward,* 14 B.R. 549 (D.C.S.D.Ga.1981) (and cases cited therein); *Matter of Hitts,* 21 B.R. 158, 160 (Bkrtcy, W.D.Mich.1982); *In re Slater,* 19 B.R. 954, 955, 9 B.C.D. 205 (Bkrtcy, D.Md.1982); *In re Schneider,* 18 B.R. 274, 276, 8 B.C.D. 1084 (Bkrtcy, D.N.D. 1982); *In re Averhoff,* 18 B.R. 198, 202 (Bkrtcy, N.D.Iowa 1982); *In re Hobdy,* 18 B.R. 70, 74 (Bkrtcy, W.D.Ky.1982). Whatever may be the status and effect of security interests in other contexts upon renewal or refinancing of a loan, it appears that the Bankruptcy Code is being construed generally in favor of lien avoidance under circumstances such as those here presented.

It is therefore ORDERED that the Court's order of March 17, 1981, denying plaintiffs' complaint for lien avoidance is reconsidered, and vacated, and lien avoidance is hereby granted in accordance with plaintiffs' complaint.