**In re David Michael BENNETT and Christine Bennett, formerly Christine Kozeny, Debtor.**

**David Michael BENNETT & Christine Bennett, Plaintiffs,**

v.

**COMMERCIAL CREDIT PLAN, Defendant.**

**Bankruptcy No. N1–80–00808. Adv. No. 80–0504.**

United States Bankruptcy Court, W. D. Michigan.

Aug. 13, 1981.

George Zulakis, Lansing, Mich., for plaintiffs.

MacLean, Seaman, Laing & Guilford, Dwight D. Ebaugh, Lansing, Mich., for defendant.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

### LIEN AVOIDANCE DEBTORS

■ David Michael Bennett and Christine (Bennetts) filed their petition in March of 1980. Commercial Credit Plan, Inc. (Commercial) is a secured creditor. Bennetts gave to Commercial a non-possessory, non-purchase money security interest in their household goods and furnishings. It is agreed by the parties Commercial's lien could have been avoided under 11 U.S.C. Section 522(f) except for Bennetts failure to timely apply for such relief—on July 16, 1980, an order was entered approving of the abandonment of the property in question by the Trustee. On September 8, 1980, an order was entered granting a discharge to Bennetts and notice of this order was mailed to all creditors, including Commercial, September 29, 1980. The discharge hearing was held October 22, 1980. The parties have agreed that the complaint in this adversary proceeding was filed prior to the granting of a discharge.[1] Commercial asks this court to find that their lien may not be avoided because of Bennetts failure to file this complaint until after the abandonment by the Trustee.

Section 522(f) provides that as to certain exempt property, "The debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." There is no time limit as to when a complaint must be filed. This was not an oversight. One

---

1. The court's records indicate that while the complaint was served on the defendant prior to the discharge, it was not actually filed until September 12, 1980, four days after the discharge was granted. As indicated below, this would not affect this courts disposition of the matter.

of the policies in the drafting of the new Code was to leave all procedural matters to the Rules. It is now expected that the Rules will not be issued until 1982. In the meantime, individual courts must either issue their own rules or get along without as best they can. This court has not adopted a rule stating when a complaint to avoid lien must be filed. Until it does, it would be an injustice to deprive a debtor of this important right granted to him by imposing a deadline where a creditor has not been harmed by the debtors' failure to act.

The abandonment by the Trustee pursuant to 11 U.S.C. Section 554(a) does not divest this court of jurisdiction to enforce the rights of the debtors as to their exemption in the property. Property may be abandoned by the Trustee so that the estate is not burdened with property which is so encumbered or obviously exempt as to be of no value to unsecured creditors. *In re Thomas*, 204 F.2d 788, 792 (7th Cir. 1953). While abandonment causes the interest of the estate in property to pass back to the debtor, the Bankruptcy Court still has jurisdiction over the property of the debtor under 28 U.S.C. Sec. 1471(e), and actions against the property of the debtor are still stayed under 11 U.S.C. Section 362(a)(5). *In re Motley*, 10 B.R. 141, 7 B.C.D. 477 (Bkrtcy. M.D. Ga. 1981). *In re Crusenturner*, 8 B.R. 581, 7 B.C.D. 235, 241 (Bkrtcy. D. Utah, 1981). Furthermore, the code specifies no time in which the Trustee must abandon property, and the debtor has no way of knowing when this act will occur. The time of abandonment is therefore an arbitrary and inappropriate deadline for the filing of a complaint under 522(f).

This court has found several opinions addressing the questions of when a debtor must act to avoid a lien under Section 522(f). These cases have held that a deadline is imposed by the grant of a discharge or the discharge hearing. In *In re Adkins*, 7 B.R. 325, 6 B.C.S. 997 (Bkrtcy. S.D.Cal. 1980) the debtor waited until the creditor brought an action seeking recovery of the security before seeking to avoid the creditor's lien. Judge Katz stated, "In or-

der to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid liens under Section 522(f) at or before the discharge hearing." In accord, *In Re Krahn*, 10 B.R. 770, 7 B.C.D. 767 (Bkrtcy. E.D.Wis. 1981), *In Re Porter*, 11 B.R. 578, 7 B.C.D. 959 (Bkrtcy. W.D.Okl. 1981). This court would not agree even as to this limitation. Even if a case has to be reopened, this court is not persuaded that there is any reason for not allowing the debtor this right which the Code grants him unless the creditor has been misled to his detriment by debtor's laches. If the creditor has taken an action in reliance on debtor's failure to take an action with regards to a lien, he should be reimbursed for all costs incurred.

Order may be entered as prayed for by the debtor. No costs are to be allowed. Attorney for the plaintiffs will present an appropriate order.