### In re Granville Preston SMART and Anna Ruth Smart, Debtors.

### Granville Preston SMART and Anna Ruth Smart, Plaintiffs,

v.

### AVCO FINANCIAL SERVICES OF MARICOPA, INC., Defendant.

Bankruptcy No. B–80–1573–PHX–RGM.

Adv. No. 81–206 RGM.

United States Bankruptcy Court, D. Arizona.

Aug. 31, 1981.

John C. Lincoln, Phoenix, Ariz., for plaintiffs/debtors.

Ronald M. Horwitz, Phoenix, Ariz., for defendant AVCO Financial Services of Maricopa, Inc.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Bankruptcy Judge.

Debtors Smart herein filed a joint voluntary petition on July 21, 1980 and thereafter an adversary complaint on April 3, 1981, seeking the avoidance of a lien under 11 U.S.C. § 522(f) against the defendant AVCO Financial Services of Maricopa, Inc. AVCO Financial had previously filed a state court suit against the debtors on March 20, 1981, during the administration of the debtors' estate pending herein.

The facts underlying this complaint show that the debtors obtained a loan of $2,499.90 from the defendant AVCO Financial, and the parties entered into a Security Agreement in which the debtors pledged as collateral,

... all household goods, furniture, appliances, and consumer goods of every kind and description owned at the time of the loan ....

The debtors specifically listed certain items in the Security Agreement including a refrigerator, tables and chairs, a couch, a TV set, a stereo, a bed, a dresser, a freezer,

and a washer and dryer. The annual interest rate on the loan was 21.35%. The debtors were required to make 36 monthly payments of $94.63. They defaulted on those payments with a balance owing of $2,744.27, and filed a voluntary joint petition in bankruptcy under 11 U.S.C. Chapter 7. The property listed in the Security Agreement was claimed in the schedules as exempt under the federal exemptions, 11 U.S.C. § 522(d). No objections were filed to the claimed exemptions and thereafter, on December 1, 1980, the debtors were granted a discharge. At no time between the filing of the original joint petition and the time of discharge did the defendant AVCO Financial take steps to object to the debtors' claimed exemptions nor seek to impose its rights under the loan agreement. Not until March 20, 1981, during the uncompleted administration of the estate, did the defendant seek to enforce its claim against the debtor and then it did so in state court. The defendant filed the state court suit seeking to recover the secured property, and in addition, a judgment based on personal liability against the debtors, including attorneys' fees and costs.

As a consequence of the state court suit, the debtors filed the instant adversary complaint on April 3, 1981 in the bankruptcy proceedings in order to avoid the lien on the debtors' household goods pursuant to Section 522(f) of the Bankruptcy Code.

The issue presented to this court is whether a debtor can avoid a lien under 11 U.S.C. § 522(f) during the uncompleted administration of the debtors' estate but after the discharge has been granted therein.

Section 522(f) states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

\*    \*    \*    \*    \*    \*

(2) a nonpossessory, nonpurchase-money security interest in any—

\*    \*    \*    \*    \*    \*

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; ...

Nowhere in this section is there an express time limit for bringing an action of this kind in order to avoid a lien.

The express congressional omission of any time limitation in Sec. 522(f) was noted also in the case of *In Re Pine*, 11 B.R. 595 (Bkrtcy.E.D.Tenn.1981). That court quoted from a recent paper presented for the Southeastern Bankruptcy Law Institute by the Honorable Clive Bare which stated:

There is no time limitation fixed in Sec. 522(f) for the avoidance of liens. Local rules should be consulted, however. Frequently debtors are not aware that they have signed security agreements covering their household goods and may go through a bankruptcy case unaware that an avoidable lien is in fact held by a creditor. There appears to be no prohibition against the debtor asserting his rights under Sec. 522(f), even after the case has been closed.

Defendant relies on *In Re Adkins* (AVCO Financial), 7 B.R. 325, (Bkrtcy.S.D.Cal. 1980), which held that a debtor's right to commence an action under Sec. 522(f) is cut off at the time of discharge. The *Adkins* opinion acknowledges that there is no express time limit mentioned in either the Bankruptcy Code itself nor in the accompanying legislative history. However, the California court in *Adkins* attempts to ascertain a "clue" from other code sections as to a proper time limit. In particular, the *Adkins* decision, for interpretation, looks to 11 U.S.C. § 524(c) which provides that a reaffirmation must be made at or before the granting of a discharge and reasons that since a debtor will likely reaffirm a debt only if he is unable to avoid it under Sec. 522(f), that it is proper to infer that the time of discharge was meant also to apply to Sec. 522(f), since after discharge, a reaffirmation agreement cannot be made.

This analysis uses only one remedy designed to benefit the debtor, namely *reaffirmation*, to preclude the use of a second unrelated remedy, namely *lien avoidance* under Sec. 522(f). While failure to take advantage of the avoidance powers of Sec. 522(f) prior to discharge may in some instances deprive the debtor from using *reaffirmation* as an *alternative* means of retaining possession of certain property, this factor should not further serve as a burden on the debtor by preventing the use of Sec. 522(f) itself in a proper case to avoid the effect of a lien on *exempt property* in a timely manner during the continued administration of the debtor's estate.

In another case, a more recent attempt has been made at restricting a debtor's lien avoidance powers. In the case of *In Re Porter*, 7 BCD 959, 11 B.R. 578 (Bkrtcy.W. D.Ok.1981), the court relied on the reasoning of the *Adkins* opinion, and in addition, reviewed Sec. 522(i)(1) which states in part:

> If the debtor avoids a transfer . . . under subsection (f) . . . of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

Section 550 referred to above concerns the recovery of property from a transferee after the transfer has been avoided. One limitation placed on such recovery found in Sec. 550(e) states:

> An action or proceeding under this section may not be commenced after the earlier of—
> (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and
> (2) the time the case is closed or dismissed.

From these sections the court in *Porter* concludes that the initial action under Sec. 522(f) to avoid a transfer cannot be commenced after a case is closed. However, such a time limitation would not bar the action here since the instant case has not been "closed." The *Porter* decision does not make the critical distinction between the *closing* of a case and the *discharge* of a debtor's indebtedness. The discharge hearing, although critical to the administration of the debtor's estate, does not end the court's involvement or responsibility concerning the economic affairs of the debtor. The estate of the debtor must be liquidated, administrative costs may be determined, any available funds must be apportioned to creditors and all pending adversary proceedings must be resolved. The distinction between closing and discharge is made evident by 11 U.S.C. § 350 which provides:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

This final action has not yet been taken in the instant case and for this reason we need not address the equitable question of whether a case should in certain circumstances be reopened in order to allow a debtor to avoid a lien.

It is this court's opinion that absent an express congressional time limitation on the bringing of actions under Sec. 522(f), the court should not provide one. This construction, we feel, is in compliance with the overall purpose of the Bankruptcy Code, as expressed by the Supreme Court in *Lines v. Frederick, et al.*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 in reference to the prior Bankruptcy Act to:

> . . . give the debtor "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. The various provisions of the Bankruptcy Act were adopted in the light of that view and are to be construed when reasonably possible in harmony with it so as to effectuate the general purpose and policy of the Act." [Citations omitted.] See also new code case of *In Re Williams*, 7 B.R. 234 (Bkrtcy.M.D. Georgia 1980).

IT IS THEREFORE ORDERED that absent an express statutory pronouncement of a point at which a debtor can no longer bring an action under Sec. 522(f) to avoid a lien, that the debtors' complaint was timely brought herein, and a hearing will be duly

held before the court on the resolution of the matters of avoidance.

Pursuant to FRCP 52, this opinion and order shall constitute Findings of Fact and Conclusions of Law herein.