In the Matter of Carl BASKINS and wife, Deborah Baskins, Debtors.

Carl BASKINS and Wife, Deborah Baskins, Plaintiffs,

v.

HOUSEHOLD FINANCE CORPORATION, Defendant.

Bankruptcy No. 80–01431–3.
Adv. No. 81–0320–AP.

United States Bankruptcy Court, E. D. North Carolina.

Sept. 11, 1981.

Clifford L. Brisson, Fayetteville, N. C., for plaintiffs.

K. Douglas Barfield, Fayetteville, N. C., for Household Finance Corp.

## ORDER

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the complaint to avoid a nonpossessory, nonpurchase-money security interest in the debtors' household goods pursuant to 11 U.S.C. § 522(f)(2). The complaint was filed with the Court on April 27, 1981; and

The parties, having filed Stipulation of Facts on August 21, 1981, and upon considering the same, this Court finds the facts to be as follows:

### FINDINGS OF FACT

On July 7, 1980, the debtors filed a joint petition under Chapter 7 of the Bankruptcy Code and claimed their household goods as exempt. None of the household goods have a value of more than the amount that the debtors are entitled to claim as exempt.

Household Finance Corporation is the holder of a nonpossessory, nonpurchase money-security interest in the debtors' household goods which they have claimed as exempt.

The debtors were granted a discharge on September 30, 1980. No adversary proceeding was initiated by the debtors to avoid Household Finance Corporation's lien on the household goods prior to the granting of the discharge.

 

## ISSUE

The issue before the Court is whether the debtors must bring an action to avoid a nonpossessory, nonpurchase-money security interest in household goods before the discharge is granted.

## CONSIDERATION OF ISSUE

Section 522(f) of the Bankruptcy Reform Act of 1978 (hereinafter "Code") provides that "... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(2) a nonpossessory, nonpurchase-money security interest in any—(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor."

Courts which have held that the debtor must bring an action to set aside a nonpossessory, nonpurchase-money lien in household goods before the discharge hearing have looked to the provisions of Section 524(c) of the Bankruptcy Code. *Matter of Krahn*, 10 B.R. 770 (Bkrtcy., E.D.Wis.1981); *In re Adkins*, 7 B.R. 325 (Bkrtcy., S.D.Cal. 1980). However, Section 524(c) requires that a reaffirmation agreement between the debtor and a holder of a claim, be made before the granting of a discharge if it is to be enforceable. No time limit is set by the Code as to when the debtor must bring an action to set aside a nonpossessory, nonpurchase-money security interest in household goods and no local rule has been adopted by this Court which requires the debtor to bring such an action before the granting of the discharge. Furthermore, a debtor may redeem certain property pursuant to 11 U.S.C. § 722 after the discharge has been granted and, if necessary, a case may later be reopened "to accord relief to the debtor." 11 U.S.C. § 350.

## CONCLUSIONS

This Court concludes that the debtors are not barred from bringing this adversary proceeding to set aside the nonpossessory, nonpurchase-money security interest of Household Finance Corporation in the debtors' household goods. The Code does not prescribe a time by which the debtor must bring an action pursuant to 11 U.S.C. § 522(f) and until a local rule is adopted by this Court, with full notice to the North Carolina Bar, which limits the time for filing such complaints, the debtors should not be barred from bringing such actions; now therefore,

IT IS ORDERED that Household Finance Corporation's nonpossessory, nonpurchase-money security interest in the debtors' household goods be, and the same hereby is, avoided to the extent that the lien impairs the debtors' exemptions in their household goods.