**In re Richard L. COOMES, Elizabeth A. Coomes, Debtors.**

**Bankruptcy No. 4–81–00093.**

United States Bankruptcy Court, W. D. Kentucky.

March 26, 1982.

Henry M. Griffin, III, Owensboro, Ky., for debtors.

W. Gordon Iler, Owensboro, Ky., for creditor.

### ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the debtors, by counsel, to reopen the case in order to avoid a lien filed against the debtors' household furniture pursuant to 11 U.S.C. § 522(f)(1) and § 305(b), and Rule 515, R.B.P. The debtors' reliance upon 11 U.S.C. § 502 is misplaced. The supportive authority is that provided by the Court. The facts are uncontroverted and can be briefly stated:

The Court's jurisdiction was originally invoked when the debtors filed a joint petition in bankruptcy under 11 U.S.C. § 302 on March 13, 1981. Thereafter, a meeting of creditors pursuant to 11 U.S.C. § 341 was held on April 2, 1981. The case was timely administered with an order of discharge entered on July 27, 1981. The case has not

been administratively closed due to the trustee's having failed to file his final report. In schedule B–4, *Property Claimed Exempt,* numerical item No. 2, the debtors claimed exempt property which is the subject matter of this litigation pursuant to KRS 427.010. There was no objection to the exemption and thus it was deemed allowed. 11 U.S.C. § 522(b)(1) and Local Rule 24. The single motion filed by debtors during administration of this case was to reaffirm an obligation with General Motors Acceptance Corporation.

The motion to avoid the lien of East Fourth Street Finance Company was not filed until March 2, 1982.

The decisional law on this issue evidences a split in the decisions of various districts. In the cases of *In Re Gortmaker,* 14 B.R. 66, 8 B.C.D. 67 (Bkrtcy.D.S.D.1981); *In Re Swanson,* 13 B.R. 851, 8 B.C.D. 13 (Bkrtcy. D.Idaho, 1981); and *In Re Baskins,* 14 B.R. 110, 8 B.C.D. 161 (Bkrtcy.E.D.N.C.1981)), the courts permitted the debtor either after discharge or after the case was administratively closed to avoid a lien pursuant to § 522(f). Reliance in each instance was placed on the fact that neither the Code, Interim Rules, nor Rules of Bankruptcy Procedure prescribed time limitations requiring the debtor to exercise his rights under § 522. From the chronological development of the cases it is difficult to discern the period of debtor's delay; however, it would appear from dicta that these courts would permit such an action up to and until the equitable doctrine of laches would be applicable.

■ Though it is not dispositive of the issue raised here, nonetheless it should be noted that this Court has enacted Local Rule 21, effective date September 23, 1981, which mandates that an action to avoid a § 522 lien must be brought " . . . at least five business days prior to the scheduled discharge." The Rule further provides that " . . . any motions filed subsequent to the specified date will not be timely and shall constitute good cause to deny the relief sought." The Rule was promulgated to carry out the Congressional objective and intent that bankruptcy estates be expeditiously administered, as stated in *In Re Ridill,* 1 B.R. 216 (Bkrtcy.S.D.Cal.1979):

" . . . the chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.' Citing *Crosby v. Mills,* 413 F.2d 1273 (10th Cir. 1976) which adopted the reasoning in *Katchen v. Landy,* 382 U.S. 323 [86 S.Ct. 467, 15 L.Ed.2d 391] (1966)." *Id* at 218.

Section 522 does not make a nonpossessory nonpurchase money lien void but simply voidable. The debtor desiring to remove the encumbrance must affirmatively act either by filing a motion, as is permissible in the Western District of Kentucky (*In Re Schweitzer,* 17 B.R. 39 [Bkrtcy.W.D.Ky. 1981], aff'd 16 B.R. 476 (Bkrtcy.W.D. Ky.1981), or by commencing an adversary proceeding under Rule 701, R.B.P. The provision is permissive, and if the debtor for whatever reason does not act, then the lien survives his bankruptcy discharge. 11 U.S.C. § 524; also see *In Re Sillani,* 9 B.R. 188 (Bkrtcy.D.S.D.1981).

The Court in *Matter of Shen,* 7 B.R. 942 (Bkrtcy.S.D.Cal.1980), states the general principle:

"Such a motion will be granted only for cause shown, *Hull v. Powell,* 309 F.2d 3 (9th Cir. 1962), and the determination of what constitutes sufficient good cause is within the trial court's discretion. *Bartle v. Markson,* 357 F.2d 517 (2d Cir. 1966). The burden of proof . . . is on the party seeking to reopen the bankruptcy proceeding. *In Re Fair Creamery Co.,* 193 F.2d 5 (6th Cir. 1951)." Also see *In Re Kenner,* 12 B.R. 460 (Bkrtcy.D.R.I.1981); *In Re Holloway,* 10 B.R. 744 (Bkrtcy.D.R. I.1981).

*In Re Porter,* 11 B.R. 578 (Bkrtcy.W.D. Okl.1981), summarizes the inequity in the debtor's position:

"It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action and then decide what he wants to do.

If the debtor has not made a timely claim of exemption or timely filed a complaint to avoid a lien, then he should be barred from doing so. If a creditor must timely act to protect his rights, there is no reason not to demand the same of a debtor, particularly when the rights asserted are for the debtor's benefit." *Id.* at 580, citing *In Re Adkins*, 7 B.R. 325 (Bkrtcy.S.D. Calif.1980).

■ There has been no showing of extenuating circumstances or other justifiable excuse for the debtor's delay. The conclusiveness of a court's judgments and orders "serve a useful social function and are not lightly disturbed." *In Re Ridill, supra*, at 219. There being no excuse for the delay, a balance of the equties requires this Court to deny the relief sought by the debtor.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the motion to avoid the lien of Fourth Street Finance Company be and is overruled.