**In re Charles Thomas BRENCE and Pamela Anne Brence, Debtors.**

**Charles Thomas BRENCE and Pamela Anne Brence, Plaintiffs,**

v.

**CREDITHRIFT OF AMERICA, INC., Defendant.**

Bankruptcy No. 680–07188.
Adv. No. 681–6043.

United States Bankruptcy Court,
D. Oregon.

May 21, 1982.

Herbert A. Putney, Medford, Or., for plaintiffs.

Daniel J. Gatti, Salem, Or., for defendant.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff-debtors seek avoidance of a non-purchase money lien on exempt household goods under the provisions of 11 U.S.C. § 522(f).

Defendant contends that avoidance of the lien would constitute an unconstitutional deprivation of defendant's property rights in violation of the Fifth Amendment of the Constitution of the United States, and that the plaintiffs should be barred from seeking the relief because their complaint in the proceeding was not filed until after the entry of their discharges, at which time there could be no approved reaffirmation of the obligation due the creditor, relying on *In re Adkins,* 6 B.C.D. 997, 7 B.R. 325 (Bkrtcy., S.D.Cal.1980).

Decision has been delayed to enable the Court the benefit of the appellate court decision in the case of *Webber v. Credithrift of America.* That case has now been resolved by the Court of Appeals for the Ninth Circuit, 674 F.2d 796 (9th Cir.1982), which has sustained the constitutionality of § 522(f) and the plaintiff's right to a lien avoidance in cases filed after the date of enactment of the Bankruptcy Code, November 6, 1978.

The Court has considered the defendant's position in which reliance is made on *In re Adkins,* supra, and concludes that the Court is not persuaded thereby. *Adkins* does not appear to reflect the majority rule. The weight of authority, and in the view of this Court, the better reasoned cases do not limit the right of the debtors to seek avoidance of the lien allowed by § 522(f) to the time before the entry of discharge. See *Matter of Swanson,* 13 B.R. 851 (Bkrtcy., D.Idaho

1981); *In re Smart,* 13 B.R. 838 (Bkrtcy., D.Ariz.1981); *In re Gortmaker,* 14 B.R. 66 (Bkrtcy., D.S.D.1981); *Matter of Baskins,* 14 B.R. 110 (Bkrtcy., E.D.N.C.1981); *Matter of Hart,* 16 B.R. 78 (Bkrtcy., D.Neb.1981); *In re Newton,* 15 B.R. 640 (Bkrtcy., W.D.N.Y.1981) and *In re Bennett,* 13 B.R. 643 (Bkrtcy., W.D.Mich.1981).

The facts of the case are not in dispute that the lien is asserted on household goods set aside as exempt, based upon a loan transaction dated in December, 1979, after the effective date of the Bankruptcy Code, and the record reflects that the complaint to avoid the lien was filed after the plaintiffs had been granted their discharges.

The Court concludes, for the reasons above stated, that Judgment should be entered for the plaintiffs consistent with this Opinion. This Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 752, they will not be separately stated.

Each party shall bear his, her or its own costs and attorney fees.