**In re Leonard (NMI) LEE, Edna Louise Lee, Debtors.**

**MODERN SUPPLY COMPANY, Plaintiff,**

v.

**Leonard (NMI) LEE, Edna Louise Lee, Defendants.**

**Bankruptcy No. 3–81–01766.**
**Adv. No. 3–82–0317.**

United States Bankruptcy Court,
E. D. Tennessee.

June 30, 1982.

---

Bernstein, Susano, Stair & Cohen, Doris C. Allen, Knoxville, Tenn., for plaintiff.

Jack D. McKeehan, Knoxville, Tenn., for defendants.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The debtors filed their joint chapter 7 petition on November 19, 1981. They received their discharge on February 26, 1982. On April 21, 1982, Modern Supply Company, a judgment creditor, filed a complaint requesting a declaration of the creditor's "secured status" and seeking relief from the injunctive provisions of 11 U.S.C. § 524(a)(2).[1] The plaintiff-judgment creditor alleged that the debtors' bankruptcy schedule reflects that the debtors have an equity in a house and lot in Jefferson County of a sufficient value to satisfy all or a portion of its "secured claim." Plaintiff further alleged that no action had been commenced by the debtors to avoid the judicial lien of the plaintiff.[2]

An Answer and Counter-Complaint was filed on behalf of the debtors on May 17, 1982. The debtors admitted the existence of the judgments of Modern Supply Company, but they neither admitted nor denied the validity of the alleged liens. They also admitted that no objection was filed to the plaintiff's secured claim, but they averred that no objection was necessary. They further admitted that no action had theretofore been commenced to avoid the judicial lien of Modern Supply Company, but such an action was commenced as a result of the filing of their Answer and Counter-Complaint.

The question before the Court concerns the timeliness of the debtors' pleading to avoid the judicial lien of Modern Supply Company, pursuant to the provisions of § 522(f). The bankruptcy case has not been closed but, as previously indicated, the discharge has been granted.

Briefly, the underlying facts are that the plaintiff obtained a judgment in the amount of $16,022.90 against the debtors on December 5, 1980 in the Knox County Chancery Court. The plaintiff also obtained a second judgment in Knox County, in the General Sessions Court, against Leonard Lee d/b/a Lee Heating and Cooling. The second judgment, which is in the amount of $4,448.95, was obtained on April 3, 1981.

Both judgments were duly recorded in April of 1981 in the Register's office of Jefferson County. Consequently, in accord-

---

1. Section 524(a)(2) enjoins the commencement or continuation of actions to collect debts as "a personal liability of the debtor." Plaintiff in this proceeding is not seeking collection of the debt from the debtors. Instead, plaintiff is seeking a declaration of the continued validity of its judicial lien against the real property owned by the debtors, despite the fact that the debtors have received a general discharge.

2. "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; ...." 11 U.S.C. § 522(f)(1).

ance with T.C.A. § 25–5–101(b),[3] these judgments are liens against the debtors' real property situated in Jefferson County.

The debtors' Schedule B–1 reflects that the debtors own a house and lot, which is held as tenants by the entireties, with a fair market value of $22,500.00. The property is subject to a first deed of trust in favor of Manufacturers Acceptance Corporation in the approximate amount of $7,000.00.

Section 522 of the Bankruptcy Code does not establish a limitations period for the filing of a complaint by a debtor to avoid a judicial lien. Likewise, no limitations period has been adopted in the Interim Rules.

The absence of a statute or uniform rule has resulted in a division of authority on the issue of when a debtor must file a complaint to avoid a judicial lien. Decisions which require the debtor to act to avoid a nonpossessory, nonpurchase-money lien prior to the entry of a discharge include *In Re Adkins*, 7 B.R. 325 (Bkrtcy.S.D.Cal.1980), and *In Re Porter*, 11 B.R. 578 (Bkrtcy.W.D. Okl.1981). Additionally, Judge Hilgendorf in *Matter of Krahn*, 10 B.R. 770 (Bkrtcy.E. D.Wis.1981), cited *Adkins*, with approval, in a case in which he denied a motion to reopen a case to allow the debtor to commence a proceeding to avoid a creditor's lien against household goods and other personal property. (*Adkins* and *Porter* involved nonpossessory, nonpurchase-money security interests in household goods.)

Cases holding that a debtor may seek such relief after discharge, and relied on by the debtors, include: *Matter of Swanson*, 13 B.R. 851 (Bkrtcy.D.Idaho 1981);[4] *In Re Gortmaker*, 14 B.R. 66 (Bkrtcy.D.S.D.1981); *Matter of Baskins*,[5] 14 B.R. 110 (Bkrtcy.E.

D.N.C.1981); *In Re Newton*, 15 B.R. 640 (Bkrtcy.W.D.N.Y.1981); and *Matter of Montney*, 17 B.R. 353 (Bkrtcy.E.D.Mich. 1982). Judge Brody's decision in *Montney* is based, substantially, on the following reasoning quoted from his opinion:

If Congress had intended to impose a time limit within which debtors had to institute a section 522(f) action, it could have done so . . . by so stating in section 522(f). . . . Congress did not do so. The omission is not unintentional. The drafters of the Code consciously omitted any reference to the time within which a section 522(f) action had to be instituted. They intended that if a time limit was to be imposed, it was to be imposed by the Rules of Bankruptcy Procedure to be promulgated, or by local rule. *Id.* at 357–58.

This Court also notes that Judge Paine agrees that no limit exists for bringing a § 522(f) action. *In Re Stephenson*, 19 B.R. 185 (Bkrtcy.M.D.Tenn.1982). He refused however, to reopen the *Stephenson* case because the debtor had no equity in the property subject to the judicial lien.

The legislative history of the Bankruptcy Code of 1978 as discussed in 1978 U.S.Code Cong. & Ad.News 5787, 6076–78 intimates that the purpose of § 522(f) is to give consumer debtors a fresh start and to cure the inadequacies in prior bankruptcy legislation under which they were accorded inadequate exemption rights.

In the case before this Court no equitable considerations justify denial of the debtors' statutory right to avoid the judicial lien. The most that can be said is that the debtors were dilatory in not acting before the adversary proceeding was instituted by the

---

**3.** 25–5–101. Lien on land—How obtained.—
   (b) Judgments and decrees obtained from and after July 1, 1967 in any court of record and judgments in excess of five hundred dollars ($500) obtained from and after July 1, 1969 in any court of general sessions of this state shall be liens upon the debtor's land from the time a certified copy of said judgment or decree shall be registered in the lien book in the register's office of the county where the land is located. If said records are kept elsewhere, no lien shall take effect from the rendition of said judgments or decrees unless and until a certified

copy of same are registered as otherwise provided by law.

**4.** Judge Young explicitly disagrees with the holding in *Adkins*.

**5.** Judge Moore notes that no limitation is imposed by either the Code or the local rules and that debtors therefore should not be barred from bringing action under § 522(f) until a local rule is adopted and notice thereof is afforded to the North Carolina bar.

plaintiff. For this reason costs will be taxed against them.[6]

In summary, the Court finds that neither the Bankruptcy Code, the Interim Rules, nor any local rule imposes a time limit for the filing of complaints to avoid liens under § 522(f). The debtors may therefore avoid the judicial liens of the plaintiff, Modern Supply Company, insofar as those liens impair an exemption to which they would have been entitled under 11 U.S.C. § 522(b). It will be noted that the bankruptcy case involved in this proceeding has not been closed. Thus, it is not necessary to determine whether the facts of this case would warrant reopening the case, had the case been closed prior to the filing of the Complaint. See 11 U.S.C. § 350(b).

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

Submit judgment.

---

**6.** The debtors could have instituted an adversary proceeding to avoid the lien without payment of the $60.00 filing fee. The plaintiff, under Judicial Continuance Guidelines, was required to pay this fee.