**In re Emma E. KELLER, Debtor.**

**Emma E. KELLER, Plaintiff,**

**v.**

**TIME CREDIT CORP., Defendant.**

**Bankruptcy No. 80–01709.**

**Adv. No. 81–0370.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 10, 1982.

David Zoll, Toledo, Ohio, for plaintiff.

Robert J. Potter, Toledo, Ohio, for defendant.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Motion of Plaintiff for reconsideration of this Court's Orders of August 14, 1981 and August 20, 1981 which dismissed Debtor's Complaint to Avoid a Judicial Lien pursuant to 11 U.S.C. § 522(f)(1) and denied Plaintiff's/Debtor's Application to reopen her bankruptcy case. Upon consideration of the memoranda submitted by the parties and recent developments in the case law since the Court first considered the issue, the Court finds that, absent the proof of equitable considerations which would dictate a contrary result, the Court should vacate its initial Order dismissing the com-

plaint as untimely. Reconsideration of the application to reopen, however, for reasons more fully discussed below, is denied.

After filing a petition under Chapter 7 of the Bankruptcy Code Plaintiff/Debtor received a discharge on March 2, 1981. The case was closed on April 30, 1981. On May 11, 1981 Plaintiff filed her complaint to avoid Defendant's judicial lien which complaint was dismissed on Defendant's motion by order entered August 14, 1981. The instant motion for reconsideration was filed on August 25, 1981.

■ The issue raised by the motion for reconsideration is whether or not a § 522(f) complaint filed after the discharge order has been entered and the case is closed is timely filed. In granting Defendant's motion to dismiss the Court relied upon *In re Adkins,* 7 B.R. 325, 6 B.C.D. 997 (Bkrtcy.S. D.Cal.1980) and *Associates Financial Services v. Porter,* 11 B.R. 578, 7 B.D.C. 959 (Bkrtcy.W.D.Okla.1981) in holding that a § 522(f) complaint must be filed at or before the discharge hearing in order to be considered timely. Since *Adkins* and *Porter,* however, the majority of the Courts that have considered the question have found no bar to the exercise of § 522(f) lien avoidance rights after either the granting of a discharge or the administrative closing of a case. *See, e.g., Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360, 9 B.C.D. 413 (Bkrtcy.D.Ala.1982); *Modern Supply Co. v. Lee,* 21 B.R. 774 (Bkrtcy.E.D.Tenn. 1982); *In re Hall,* 22 B.R. 701, 9 B.C.D. 588 (Bkrtcy.E.D.Pa.1982); *Russell v. United States,* 20 B.R. 537 (Bkrtcy.W.D.Penn.1982); *Barner v. Associates Financial Services Co.,* 20 B.R. 428 (Bkrtcy.E.D.Wis.1982); *Johnson v. First and Merchants National Bank,* 18 B.R. 555 (Bkrtcy.D.Md.1982); *Schneider v. Beneficial Finance Co.,* 18 B.R. 274, 8 B.C.D. 1084 (Bkrtcy.D.N.D.1982); *In re Conley,* 17 B.R. 387 (Bkrtcy.S.D.Ohio 1982); *Montney v. Beneficial Finance Co.,* 17 B.R. 353, 8 B.C.D. 931 (Bkrtcy.E.D.Mich.1982); *Baskins v. Household Finance Corp.,* 14 B.R. 110, 8 B.C.D. 161 (Bkrtcy.E.D.N.C.1981); *Gortmaker v. Avco Financial Services,* 14 B.R. 66, 8 B.C.D. 67 (Bkrtcy.D.S.D.1981); *Associ-*

ates *Financial Services v. Swanson,* 13 B.R. 851, 8 B.C.D. 13 (Bkrtcy.D.Idaho 1981). *Cf., Brown v. Morris Plan,* 18 B.R. 323 (Bkrtcy. E.D.Cal.1982) (Congress did not intend to limit the time for debtor to file a complaint as long as case is pending). *Contra Penco Corp. v. Andrews,* 22 B.R. 623, 9 B.C.D. 589 (Bkrtcy.D.Del.1982). *Cf. In re Coomes,* 20 B.R. 290 (Bkrtcy.W.D.Ky.1982) (Local Rule required filing of lien avoidance action at least 5 days prior to scheduled discharge). Upon reconsideration, this Court now concurs in the majority view and holds that, absent equitable considerations to the contrary, neither the granting of a discharge nor the administrative closing of a case should be a bar to the debtor's exercise of his lien avoidance rights.

§ 522(f) places no time limitation on the assertion of lien avoidance rights. Similarly, there is nothing in the Bankruptcy Rules, the Interim Rules, or the Local Rules of Court of this district which limits a debtor's rights under § 522(f). As one court has noted.

> The right to avoid liens . . . is a personal right given to a debtor, independent of case administration. It is fundamentally no different than any other legal right available to an individual. Congress has not placed any statutory limitation on the exercise of the right and I know of no legal doctrine at common law or equity which would allow this court to create an arbitrary time limitation on the exercise of this legal right.

*Advocates Financial Services v. Swanson,* 13 B.R. at 854, 8 B.C.D. at 14.

In *Adkins, supra,* the Court relied on the following reasoning to support its conclusion that a § 522(f) complaint must be filed at or before the discharge hearing.

> It seems to me that debtors in order to comply with the purpose and intent of § 524(c), must know with some degree of certainty whether a reaffirmation agreement may have to be negotiated in order to permit the retention of property pledged as security before the grant of the discharge. Otherwise it may be too late to negotiate a reaffirmation agreement.

> Therefore, in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing. At that point there is sufficient time to negotiate a reaffirmation agreement or continue the discharge hearing to permit such negotiation.

7 B.R. at 327, 6 B.C.D. at 998.

This is "no justification", however, "for arbitrarily equating the date fixed for the discharge hearing pursuant to § 524(d) with the time within which a debtor must file a § 522(f) complaint." *Montney v. Beneficial Finance Co.,* 17 B.R. at 356, 8 B.C.D. at 933.

> The fact that it may be in a debtor's best interest to avoid liens under 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do so. In most cases the exemption covers the security in its entirety and no need to reaffirm arises.

*Associates Financial Services v. Swanson,* 13 B.R. at 853, 8 B.C.D. at 14. In addition, the failure of the debtor to make use of one remedy given him by Congress does not justify the barring of a second independent remedy. *Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360, 9 B.C.D. 413, 415 (Bkrtcy.D.Ala.1982).

Finally the other reason for limiting a debtor's lien avoidance rights expressed in *Adkins,* the interest in finality in a bankruptcy proceeding, although certainly compelling, is not adequate reason for arbitrarily setting time limits on legislatively created rights. If limits are to be imposed, it should be done by statute or by duly promulgated bankruptcy rule. *Schneider v. Beneficial Finance Co.,* 18 B.R. 274, 276, 8 B.C.D. 1084, 1085 (Bkrtcy.D.N.D.1982).

The notion that the administrative closing of a case should impose a time limit on the debtor's exercise of his lien avoidance rights has its roots in *Associates Financial Services v. Porter, supra.* In *Porter* the Court linked the limitations placed on the

trustee's rights to recover, for the benefit of the estate, property transferred to a third party by an avoidable transfer found in § 550, through § 522(i)(1), to the debtor's lien avoidance rights under § 522(f).

11 U.S.C. § 522(i)(1) thus provides that:

[i]f the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

11 U.S.C. § 550(a) provides as follows:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

Finally, 11 U.S.C. § 550(e) provides:

[a]n action or proceeding under this section may not be commenced after the earlier of—

(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and

(2) the time the case is closed or dismissed.

On the basis of the above statutory provisions the court in *Porter* then concluded that:

[i]f, under §§ 522(i)(1) and 550(e), an action to recover property from a transferee in an avoided transfer cannot be commenced after a case is closed, it naturally follows that the initial action to avoid the transfer also cannot be commenced after the case is closed.

11 B.R. at 581, 7 B.C.D. at 961.

The Court in *Montney v. Beneficial Finance Co.,* 17 B.R. 353, 357, 8 B.C.D. 931,

933 (Bkrtcy.E.D.Mich.1982) and *Associates Financial Services v. Swanson,* 13 B.R. 851, 854, 8 B.C.D. 13, 14 (Bkrtcy.D.Idaho 1981) have rejected this reasoning concluding that § 550 is only a limitation on the right to recover property from a transferee, not a statutory limitation on the right of the debtor to avoid liens under § 522(f). Both Courts have in part relied on the fact that whereas a time limit on the trustee's right to avoid liens is stated in § 546, no similar limitation on the debtor's avoidance power is found in § 522(f). The Court in *Montney v. Beneficial Finance Co.,* 17 B.R. at 357–358, 8 B.C.D. at 934 concluded as follows:

If Congress had intended to impose a time limit within which debtors had to institute a section 522(f) action, it could have done so either by so stating in section 522(f) or by referring to the time limit prescribed by section 546(a) in section 522(i)(1), as it did with reference to section 550(e). Congress did not do so. The omission is not unintentional. The drafters of the Code consciously omitted any reference to the time within which a section 522(f) action had to be instituted. They intended that if a time limit was to be imposed, it was to be imposed by the Rules of Bankruptcy Procedure to be promulgated, or by local rule. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 293, 297 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6250, 6254. Rules of Bankruptcy Procedure for the Code have not as yet been promulgated, and this court has not adopted a local rule requiring a debtor to institute a section 522(f) action within a stated time. A debtor may, therefore, rely on section 522(f) even after a case is closed unless equitable considerations dictate otherwise.

(footnote omitted)

This Court agrees with the courts in *Montney v. Beneficial Finance Co.,* 17 B.R. 353, 8 B.C.D. 931 (Bkrtcy.E.D.Mich.1982) and *Associates Financial Services v. Swanson,* 13 B.R. 851, 8 B.C.D. 13 (Bkrtcy.D.Idaho 1981) in concluding that the closing of a bankruptcy case, absent equitable consider-

ations to the contrary, is no bar to the commencement of a § 522(f) lien avoidance action. Defendant in this case, however, at the trial on the merits, should be permitted to introduce proof of such equitable circumstances that could bar relief.

■ Finally, this Court concurs with the view in *Schneider v. Beneficial Finance Co.,* 18 B.R. 274, 276, 8 B.C.D. 1084, 1085 that, as the jurisdiction of the Court is presently constituted, it is not necessary that a closed bankruptcy case be reopened in order for the debtor to bring an action to avoid liens under § 522(f). As the jurisdiction of the Court is presently constituted under 28 U.S.C. § 1471, the Court has jurisdiction over all civil proceedings arising under or related to a case under Title 11. Since the Court agrees with the reasoning in *Associates Financial Services v. Swanson, supra,* that a lien avoidance action under § 522(f) does not affect the administration of a bankruptcy case but only a personal right of the debtor, there should be no reason to require a bankruptcy case to be reopened for the Court to consider a matter merely related to a bankruptcy case.

For the foregoing reasons, it is hereby,

ORDERED that this Court's Order of August 14, 1981 dismissing Plaintiff's complaint be, and it hereby is, vacated. It is further,

ORDERED that reconsideration of this Court's Order of August 20, 1981 which denied Plaintiff's application to reopen her bankruptcy case be, and it hereby is, denied. It is further;

ORDERED that a trial on Plaintiff's Complaint is hereby set for Tuesday, December 21, 1982, at 11:30 o'clock A.M., Courtroom No. 1, Room, 103, United States Court House, 1716 Spielbusch Avenue, Toledo, Ohio.