Joseph J. NOBLE and Carol C. Noble, Appellants,

v.

Robert D. YINGLING and Dorothy J. Yingling, Appellees.

Civ. A. No. 82–663.

United States District Court, D. Delaware.

May 16, 1983.

Benjamin F. Shaw, III, Georgetown, Del., for appellants.

William M. Chasanov, and Thomas David Hunter Barnett, Brown, Shiels & Chasanov, Georgetown, Del., for appellees.

Henry A. Heiman, Wilmington, Del., for trustee.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

The issue of first impression at the district court level presented by this appeal from the bankruptcy court is whether a debtor must file a complaint prior to discharge to avoid a judicial lien under Section 522(f) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.*[1] The bankruptcy court concluded a debtor cannot avoid a judicial lien under section 522(f) unless a complaint seeking that avoidance is filed prior to discharge. Because 11 U.S.C. § 522(f) contains no such time limitation and Congress intended to repose the power to establish such a limitation in other institutions, I conclude that the bankruptcy court erred to the extent it enunciated a newly formulated procedural limitation.

After the judgment creditors obtained state court judgments on May 7, 1980 in the face amount of $2580, the debtors filed a voluntary petition in the bankruptcy court on August 14, 1980. At the time of filing the petition, debtors owned an improved piece of Delaware real estate valued by them at $40,000, encumbered by two liens reaffirmed by debtors in the amount of $30,500 prior to their December 12, 1980 discharge. In the interim, the debtors claimed as exempt property their equity in the real estate which they valued at $10,000, i.e., $500 more than the difference between their scheduled valuation of the property and the reaffirmed liens. Since no objections to the claimed exemption were filed, this exemption became a reality on October 24, 1980. 11 U.S.C. § 522(*l*). On or about March 5, 1981, the judgment creditors, utilizing Delaware state court process, attempted to execute on their judgment. On March 17, 1981, the debtors countered by filing, pursuant to 11 U.S.C. § 522(f), an adversary proceeding seeking avoidance of the judgment creditors' lien. The overworked bankruptcy judge, aided only by a letter memorandum from debtors which cited no cases directly on point, granted judgment on the pleadings to the creditors on September 2, 1982. Debtors timely filed an appeal with the case, insofar as is known, remaining open in the bankruptcy court.

The position adopted by the Delaware Bankruptcy Court that an adversary proceeding to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)[2] must be filed prior to the debtor's discharge has been repudiated by an overwhelming majority of published bankruptcy decisions. *See, e.g., Leeman v. Thorp Finance,* 25 B.R. 180 (Bkrtcy.E.D. Wis.1982); *Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167 (Bkrtcy.S.D.Ohio, W.D.1982); *Keller v. Time Credit Corp.,* 24 B.R. 720 (Bkrtcy.N.D.Ohio, W.D.1982); *Modern Supply Co. v. Lee,* 21 B.R. 774 (Bkrtcy.E.D.Tenn.1982); *Russell v. United States,* 20 B.R. 537 (Bkrtcy.W.D.Pa.1982); *Barner v. Associates Financial Services Co. of Wisconsin,* 20 B.R. 428 (Bkrtcy.E.D.Wis. 1982); *Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360 (Bkrtcy.D.Alaska 1982); *Johnson v. First and Merchants National Bank,* 18 B.R. 555 (Bkrtcy.D.Md.1982); *Schneider v. Beneficial Finance Co. of*

---

1. The debtors attempt to assert a second issue, *viz.,* a procedural deficiency in that defendants' answer to the complaint did not raise the issue of timeliness. The matter is further complicated because defendants inexplicably failed to file a brief in the bankruptcy court. As a consequence, the bankruptcy judge had no choice but to determine the matter on the plaintiffs' opening letter memorandum. Plaintiffs anticipated and addressed the timeliness issue. Doc. 2, No. 6. Accordingly, the procedural issue need not further detain one.

2. 11 U.S.C. § 522(f) provides in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . .

*North Dakota,* 18 B.R. 274 (Bkrtcy.D.N.D. 1982); *Stephenson v. General Motors Acceptance Corp.,* 19 B.R. 185 (Bkrtcy.M.D. Tenn.1982); *Towns v. Postal Finance Co.,* 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982); *Baskins v. Household Finance Corp.,* 14 B.R. 110 (Bkrtcy.E.D.N.C.1981); *Associates Financial Services v. Swanson,* 13 B.R. 851 (Bkrtcy.D.Idaho 1981); *Smart v. Avco Financial Services of Maricopa, Inc.,* 13 B.R. 838 (Bkrtcy.D.Ariz.1981); *Gortmaker v. Avco Financial Services,* 14 B.R. 66 (Bkrtcy. D.S.D.1981); *Bennett v. Commercial Credit Plan,* 13 B.R. 643 (Bkrtcy.W.D.Mich.1981).

Some courts have granted the debtor relief after discharge in the absence of prejudice or equitable considerations dictating otherwise. *See, e.g., Leeman,* 25 B.R. at 183; *Rheinbolt,* 24 B.R. at 170; *Keller,* 24 B.R. at 724; *Modern Supply Co.,* 21 B.R. at 776; *Tarrant,* 19 B.R. at 364; *Stephenson,* 19 B.R. at 188; *Associates Financial Services,* 13 B.R. at 855; *Bennett,* 13 B.R. at 645. *Accord, In re Baker,* 18 B.R. 131 (Bkrtcy.W.D.Ky.1982). Other courts have found equitable considerations dictated the opposite result. *See, e.g., In re Coomes,* 20 B.R. 290 (Bkrtcy.W.D.Ky.1982); *Towns v. Postal Finance Co.,* 16 B.R. 949 (Bkrtcy.N. D.Iowa 1982); *In re Williams,* 17 B.R. 204 (Bkrtcy.W.D.Ky.1982).

Finally, four courts, like the Delaware Bankruptcy Court, have established the date of discharge as the deadline for filing section 522(f) lien avoidance complaints. *See Smiley v. Associates Financial Services,* 26 B.R. 680 (Bkrtcy.D.Kan.1982); *In re Krahn,* 10 B.R. 770 (Bkrtcy.E.D.Wis.1981); *Associates Financial Services of Oklahoma, Inc. v. Porter,* 11 B.R. 578 (Bkrtcy.W.D.Okl. 1981); *In re Adkins,* 7 B.R. 325 (Bkrtcy.S.D. Cal.1980); *Accord, In re Sillani,* 9 B.R. 188 (Bkrtcy.S.D.Fla.1981).

The cases cited above reflect the deep division within the bankruptcy courts. However, all these courts agree that the Bankruptcy Code, Interim Rules, and Rules of Bankruptcy Procedure do not contain any time limitation within which a complaint to invalidate a judicial lien under section 522(f) must be filed. Similarly, at the time of their respective decisions, like Delaware, none of the bankruptcy courts had what they considered a controlling Local Bankruptcy Rule governing timing of section 522(f) lien avoidance complaints.[3] Broadly speaking, the minority view requiring filing of debtor complaints prior to discharge is predicated on the conviction that the parties ought to know where they stand with respect to the property in question and there must be finality in order to fully effectuate the goals of the Bankruptcy Reform Act.

Specifically, the Delaware Bankruptcy Court noted that the Bankruptcy Code and Rules of Bankruptcy Procedure impose time limitations on creditors objecting to discharge or dischargeability of debt. 11 U.S.C. §§ 727, 523(a); Rules of Bankruptcy Procedure 409(a)(2) and 404(a). It also correctly stated that section 524(c) imposes an obligation upon a debtor to enter into any reaffirmation agreements prior to discharge. In view of these statutory time limitations, placed primarily on the creditor, but in the case of reaffirmation, also on the debtor, the bankruptcy court reasoned "a debtor seeking to avoid liens should also be required to take action before the discharge order is entered." Doc. 2, No. 7, p. 5. In addition, the Bankruptcy Court was troubled by the need for parity of treatment between debtor and creditor.

The relationship between discharge, dischargeability of debt and reaffirmation on the one hand and section 522(f) lien avoidance on the other does not mandate a judicially created time limitation on the right of lien avoidance conferred by statute on a debtor. A discharge or ruling

---

**3.** An example of a Local Bankruptcy Rule is Local Rule 21 of the Western District of Kentucky which provides that an action to avoid a § 522 lien must be brought "... at least five business days prior to the scheduled discharge.... Any motions filed subsequent to the specified date will not be timely and shall constitute good cause to deny the relief sought." *See In re Coomes,* 20 B.R. 290, 291 (Bkrtcy.W.D.Ky.1982); *In re Williams,* 17 B.R. 204, 206 (Bkrtcy.W.D.Ky.1982).

that a particular debt is dischargeable does not discharge a valid lien. A discharge has the effect of voiding and prospectively enjoining collection of a judgment as the *personal* liability of the debtor. 11 U.S.C. § 524. This does not prevent post-discharge enforcement of a valid lien existing prior to discharge, but for certain circumstances, such as section 524(c) reaffirmation and section 522(f) lien avoidance.[4] Both of these remedies are for the benefit of the debtor. Reaffirmation is subject to a statutory time limitation of having to be effectuated prior to discharge while 522(f) lien avoidance is not. There is no indication of a congressional intent to apply the section 524(c) time limitation to complaints under section 522(f). To the contrary, the presence of the time limitation in section 524(c) supports the argument that its absence in section 522(f) indicates an intent that there be no such limitation. *Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360, 364 (Bkrtcy.D.Alaska 1982); *Russell v. United States,* 20 B.R. 537, 538–39 (Bkrtcy.W.D.Pa. 1982). "The fact that it may be in the debtor's best interest to avoid liens under 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do so." *Associates Financial Services v. Swanson,* 13 B.R. 851, 853 (Bkrtcy.D.Idaho 1981).

█ The lower court noted that imposition of a time limitation on initiation of section 522(f) lien avoidance would further the laudable goal of finality of bankruptcy proceedings. While the goal is desirable, it cannot be denied that section 522(f) lien avoidance proceedings are out of the mainstream of administration of the bankrupt estate. As a consequence, those proceedings do not hold up the administration of the estate. *Associates Financial Services v. Swanson,* 13 B.R. at 854.

In reality, the concern is not so much one of finality as it is a perceived inequity in the lack of symmetry in the Bankruptcy

Code. The Delaware Bankruptcy Court reflects this concern by quoting with approval the following language from *In re Adkins,* 7 B.R. 325, 327 (Bkrtcy.S.D.Cal.1980):

> * * * there must be some finality to a bankruptcy proceeding. It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action and then decide what he wants to do.
>
> If the debtor has not made a timely claim of exemption or timely filed a complaint to avoid a lien, then he should be barred from doing so. If a creditor must timely act to protect his rights, there is no reason not to demand the same of a debtor, particularly when the rights asserted are for the debtor's benefit.

Doc. 2, No. 7, p. 5.

█ The lower court's judicially created time limitation on section 522(f) lien avoidance actions would undoubtedly go a long way toward redressing perceived statutory imbalances. If one were formulating a Rule of Bankruptcy Procedure or a Local Bankruptcy Rule, one could well incorporate the lower court's holding requiring initiation of section 522(f) lien avoidance complaints prior to discharge. However, the legislative history of the Bankruptcy Code evidences the congressional intent that time limitations be established by a rule, not judicial fiat:

> In general, matters left to the rules concern . . . setting time limits. . . .
>
> The following table lists matters that will be dealt with by the Rules of Bankruptcy Procedure or by local rules of court: (94) Procedure for debtor to avoid a judicial lien on exempt property.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 293, 297 (1977), *reprinted in* U.S.Code Cong. & Ad.News [1978], 5787, 6250, 6254. From the language quoted above it is beyond dispute that Congress intended that any time limit would be imposed by the Rules of Bank-

---

4. Section 524(c) permits a debtor to retain property subject to a lien, provided he negotiates a reaffirmation of the debt with the creditor prior to discharge. Lien avoidance under 11 U.S.C. § 522(f) is an innovative device of the Bankruptcy Reform Act of 1978 which permits a debtor to avoid "the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. . . ."

ruptcy Procedure or by Local Bankruptcy Rules. Since Congress placed the power to establish time limitations relating to lien avoidance procedures in other institutions, an individual bankruptcy judge lacks authority to adopt such a per se procedural time limitation by judicial case law development. Moreover, in the absence of a limitation established by statute, Rule of Bankruptcy Procedure or Local Bankruptcy Rule with wide distribution among the Bar, the unpublished opinion of the bankruptcy court would carry with it an unintended penchant for mischief. Not only would a judicially created limitation on a debtor's statutory remedy be created without notice, but the Bar and debtors would have no readily apparent means of finding out about it so as to govern their affairs in the future. *Cf. Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360, 362 (Bkrtcy.D. Alaska 1982); *Baskins v. Household Finance Corp.,* 14 B.R. 110, 111 (Bkrtcy.E.D.N. C.1981); *Bennett v. Commercial Credit Plan,* 13 B.R. 643, 645 (Bkrtcy.W.D.Mich. 1981).

■ Holding that the court below committed an error of law in the procedural context of a grant of judgment on the pleadings does not mean the debtors should necessarily prevail on remand. While not required to do so, the debtors had the power to initiate a lien avoidance complaint prior to discharge. The longer a debtor delays in exercising his rights under the Code, the more vulnerable he becomes to laches being invoked. A debtor's delay of excessive duration may cause such prejudice to the creditor as to make allowance of the lien avoidance complaint inequitable.

■ Usually, after discharge, the automatic stay is lifted pursuant to section 362(c)(2).[5] Then the creditor is free to rely on the debtor's inaction and, absent other circumstances, execute on the lien. A creditor's incurrence of attorney's fees and court costs may be considered as a factor in his detrimental reliance on the debtor's failure to act. The Bankruptcy court should consider all the equities involved on a case by case basis.

Bankruptcy courts have seemingly begun this process with widely varying results. They have sharply divided on whether initiation of state court execution process on the property subject to the lien is, in and of itself, a sufficient equitable ground to bar a section 522(f) lien avoidance complaint as untimely filed. *Smiley v. Associates Financial Services,* 26 B.R. 680 (Bkrtcy.D.Kan. 1982) (complaint filed after discharge and after initiation of state court process not timely); *Towns v. Postal Finance Co.,* 16 B.R. 949 (Bkrtcy.W.D.Iowa 1982) (on consolidated cases held lien avoidance complaint timely if filed subsequent to discharge but prior to initiation of state court execution process and not timely filed if subsequent to discharge and after creditor initiated state court execution process); *Associates Financial Services v. Swanson,* 13 B.R. 851, 856 (Bkrtcy.D.Idaho 1981), *Smart v. Avco Financial Services of Maricopa, Inc.,* 13 B.R. 838 (Bkrtcy.D.Arizona 1981) (lien avoidance complaint timely filed notwithstanding prior initiation of state court execution process).

In addition, there is an emerging division as to who bears the burden of proof and what that burden is. *Cf., In re Coomes,* 20 B.R. 290, 292 (Bkrtcy.W.D.Ky.1982) (no showing of extenuating circumstances or other justifiable excuse for debtor's delay); *Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360, 364 (Bkrtcy.D.Alaska 1982), *Stephenson v. General Motors Acceptance Corp.,* 19 B.R. 185, 188 (Bkrtcy.M.D.Tenn. 1982) (judgment creditor showed no preju-

---

**5.** 11 U.S.C. § 362(c)(2) provides in pertinent part:

    (c) Except as provided in subsections (d), (e), and (f) of this section—

    .     .     .     .     .

    (2) the stay of any other act under subsection (a) of this section continues until the earliest of—

    (A) the time the case is closed;
    (B) the time the case is dismissed; and
    (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

dice). Some courts have spoken of conditioning relief to debtor upon payment of the judgment creditor's costs and expenses. *See Modern Supply Co. v. Lee,* 21 B.R. 774, 777 (Bkrtcy.E.D.Tenn.1982); *Barner v. Associates Financial Services Co. of Wisconsin,* 20 B.R. 428, 430 (Bkrtcy.E.D.Wis.1982); *Bennett v. Commercial Credit Plan,* 13 B.R. 643, 645 (Bkrtcy.W.D.Mich.1981).

Given the emerging development of the law and the undeveloped record below, the matter must be remanded. On remand, depending upon the factual matrix presented, the bankruptcy judge may wish to give consideration to the following as a nonexhaustive list of equitable factors: 1) vigor with which the judgment creditors pursued the debtors prior to the filing of the bankruptcy petition, 2) communication of positions by and between debtors and judgment creditors after filing of the petition and prior to discharge, 3) motivating cause of failure to file lien avoidance complaint prior to discharge, 4) length of time between discharge and filing of lien avoidance complaint, 5) reason for the delay in filing of lien avoidance complaint, 6) prejudice to the judgment creditors, and 7) good faith, or lack thereof, of the creditors.

An order reversing judgment on the pleadings and directing remand will be entered.