**In the Matter of David BARNETT, Joyce Barnett, Debtors.**

**Bankruptcy No. 82–04626.**

United States Bankruptcy Court, N.D. Alabama, N.D.

April 27, 1983.

Murray Beasley, Tuscumbia, Ala., for debtors.

Dennis Odem, Florence, Ala., for Household Finance Corp.

## OPINION AND ORDER

EDWIN D. BRELAND, Bankruptcy Judge.

This matter is before the Court on the debtors' motion to avoid a non-purchase money security interest taken in their household goods in May of 1982. On August 11, 1982 the debtors filed a Chapter 7 petition in bankruptcy listing Household Finance Corporation as a secured creditor and declaring the household furnishings as exempt property.

Between the time the Order for Relief was entered and the debtors' discharge, Household Finance failed to appear at the first meeting of creditors, or take any other action in the bankruptcy proceeding. Subsequent to the debtors' discharge, Household Finance filed a replevin action in the District Court of Lauderdale County, Alabama.

On March 1, 1983 the debtors filed a motion for a contempt citation, which this Court set down for hearing. The Court entered an Order dated March 21, 1983 denying the motion, but allowing the bankruptcy proceeding to be reopened pursuant to 11 U.S.C. Section 350 and Rule 515 and allowing the debtors to file a motion to avoid the creditor's security interest. The Court further ordered that the creditor was stayed from proceeding with the State Court action until the Court ruled on the extent of the debtors' avoidance powers under 11 U.S.C. Section 522(f).

The facts before the Court in the present case are of first impression, in that subsequent to the discharge, an action for replevin intervened prior to the debtors' filing a motion to avoid the lien under Section 522(f). In previous cases the Court has recognized no time limit, absent laches, for the debtor to avoid liens under 522(f). See *Matter of Holyst,* 19 B.R. 14 (Bkrtcy., Conn. 1982); *In re Hall,* 22 B.R. 701 (Bkrtcy., E.D. Pa.1982); *In re Stephenson,* 19 B.R. 185 (Bkrtcy., M.D.Tenn.1982), *In re Gortmaker,* 14 B.R. 66 (Bkrtcy., S.D.1981), and *Matter of Baskins,* 14 B.R. 110 (Bkrtcy., E.D.N.C. 1981).

■ Several Courts have held that avoidance actions must be brought prior to discharge on the basis of 11 U.S.C. Section 524(c), which requires reaffirmation agreements to be entered into prior to discharge. *In re Krahn,* 10 B.R. 770 (Bkrtcy., E.D.Wis. 1981) and *In re Adkins,* 7 B.R. 325 (Bkrtcy., S.D.Cal.1980). In the present case the value of the collateral does not exceed the personal property exemption available to the debtors under State Law, thereby rendering reaffirmation unnecessary. See *In re Swanson,* 13 B.R. 851 (Bkrtcy., Idaho 1981); *In re Newton,* 15 B.R. 640 (Bkrtcy., W.D.N.Y.1981), and *In re Smart,* 13 B.R. 838 (Bkrtcy., Ariz.1981).

Two Courts have recognized a time limitation based upon the relationship of 11 U.S.C. Sections 522(i)(1) and 550. *In re Porter,* 11 B.R. 578 (Bkrtcy., W.D.Okl.1981), and *Beneficial Finance Company of Virginia v. Franklin,* 26 B.R. 636 (D.C.Va.1983). In *Beneficial Finance* the District Court interpreted Sections 522(i) and 550 to re-

quire the debtor to take three affirmative steps to avoid a lien. First the debtor must avoid the transfer under 522(f), then "recover" the property pursuant to 522(i)(1), and finally claim the property as exempt under applicable Federal or State exemption statutes. *Id.* at 639. If indeed the debtor is required to take affirmative action in order to "recover" the exempted property pursuant to 522(i)(1), then 550(e) prohibits a recovery action from being commenced after the earlier of:

> "(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and
> (2) the time the case is closed or dismissed."

The District Court's requirement that the debtor "recover" the property subject to the avoided lien, arises from the fact that the beneficial interest held by and transferred to the creditor, i.e. the lien, does not, at the commencement of the bankruptcy proceeding, become part of the debtor's estate. Thus, the debtor must avoid the lien, recover the property for the estate and then exempt the property. *Id.* at 641.

■ Until directed otherwise, this Court will continue to interpret 522(f) as allowing the debtor to avoid liens without a time limitation, absent prejudice or injury to the lienholder, or an innocent third party. The basis of this decision on the part of the Court is twofold. Foremost, it would be contrary to providing the debtor with a fresh start if he or she were denied the means of regaining property claimed as exempt. As stated by the Court in *In re Newton,* 15 B.R. 640, 642 (Bkrtcy.W.D.N.Y. 1981):

> "... the debtors' rights were not exercised properly because of delays on the part of the debtors' attorneys rather than by a knowing and voluntary waiver of rights under Section 522(f) by the debtor."

As a result, the Court will continue to view 11 U.S.C. Section 522(f) as remedial in nature, and liberally construe the statute in light of Congressional intent to relieve debtors from the burden of hopeless insol-vency and grant to them the opportunity for a fresh start. See *Matter of Dino,* 17 B.R. 316 (Bkrtcy., M.D.Fla.1982).

■ In addition, the Court is of the opinion that 522(i)(1) and 550 have no application to the facts of the present case. Section 522(i)(1) applies the same limitations on the debtors' 522(f) powers, as 550 places on the powers of the Trustee. Neither the debtor nor the Trustee may recover property from a good faith transferee, of the initial transferee, who takes for value and with no knowledge of the voidability of the transfer. As it affects the debtors' 522(f) powers, the reference in 522(i) to Section 550 should not be viewed as a statutory limitation on the right of a debtor to avoid liens under 522(f), but instead as a time limitation on the right to recover from a transferee. *Matter of Swanson,* 13 B.R. 851 (Bkrtcy., Idaho 1981) and *Matter of Montney,* 17 B.R. 353 (Bkrtcy., E.D.Mich. 1982).

In the proceedings currently before the Court, the debtors do not need to "recover" any property from Household Finance. At the time the debtors filed their petition in bankruptcy they listed their household goods as exempt. These assets were listed as property of the debtors and, although property of the estate during the pendency of the bankruptcy proceeding, they were not administered by the Chapter 7 case Trustee. Pursuant to 11 U.S.C. Section 554(c), property that is not administered before a case is closed is deemed abandoned by the estate. Abandonment by the estate is to the parties who have a possessory interest in the property abandoned, who in this case are the debtors. Thus, at the time this case is closed, legal title in the exempted property reverts to the debtors. While liens on the property survive the discharge and closing of the case, all that remains for the debtors to accomplish is to "avoid the fixing of a lien" under 522(f) and the equitable interest in the collateral merges with the legal title. See *In re Losieniecki,* 17 B.R. 136 (Bkrtcy., W.D.Pa.1981).

This necessarily raises the question, however, of what procedure the debtor must

follow to avoid liens under 522(f) while the bankruptcy is still pending. The Court in *Beneficial Finance Co. of Virginia v. Franklin,* 26 B.R. 636 (D.C.Va.1983) would require the debtor to avoid the lien, recover the transferred property for the estate and then exempt the subject property.

This Court can find no reason why the debtor should be required to undergo a separate action or proceeding to "recover" an intangible interest in property, where the debtor has the power to avoid the adverse effect of the lien under 522(f). The only effect that 11 U.S.C. Section 550 has on the avoidance powers of the debtor is to limit those powers as to recovery of tangible property and property in the hands of third party transferees. In limiting the time for the exercise of Section 550 recovery powers, and not 522(f) avoidance powers, the purpose of Section 550(e) is twofold; to require the efficient and timely administration of property recovered by the Trustee, and to protect purchasers and transferees from the adverse impact that delayed actions would have on the transferees improvement of property, or ability to convey it or pledge it as collateral.

Requiring the debtor to "recover" an intangible property interest within one year of the avoidance of that interest would place a burden on the debtor which is totally unnecessary to deciding the rights of the parties involved. When a lien is taken, it grants to the secured party the right to repossess collateral, if the terms of the security agreement are not met. 522(f) allows the debtor to prohibit the creditor from exercising its rights and, in effect, nullifies the creditor's right to repossession. If Congress had intended to limit the time during which the debtor must avoid a lien under 522(f), it could have stated so with much more clarity than the statutory language found in 11 U.S.C. Section 550(e).

■ The Court finds that the limitation on the debtors 522(f) avoidance powers by 522(i) and 550 is merely to protect good faith transferees of the initial lien creditor. 522(f) deals only with intangible property interests which are not required to be re-covered for the benefit of the estate. When 522(f) is invoked, the lien is avoided, the equitable interest merges with the legal title, and the creditor is left with no interest to recover.

■ The Court further finds that if the motion to avoid a non-possessory non-purchase money security interest is granted while the bankruptcy is pending, legal and equitable title to the collateral remains in the estate subject to any objections to the debtors' claimed exemptions. If no objections are sustained, all interest of the estate in the subject property reverts to the debtor when the bankruptcy proceeding is closed. If the motion is filed subsequent to the initial closing of the case, the proceedings may be reopened, revesting the estate with the legal title possessed by the debtor. Once the motion for avoidance is granted, both legal and equitable title will pass to the debtor when the case is ultimately closed.

■ The final consideration before the Court is whether under the circumstances of the present case the debtor should be barred by laches from proceeding with the avoidance of Household Finance's lien. Under the doctrine of laches there must be some prejudice or injury to the lienholder, or to an innocent third party. The creditor in this proceeding was aware of the debtors' rights under Section 522(f). Actual damage on the part of the creditor has not been shown, yet the Court is fully aware of the injury the debtors would sustain if they were not allowed to proceed with their motion to avoid. See *Matter of Swanson,* 13 B.R. 851 (Bkrtcy., Idaho 1981).

In accordance with the Court's opinion, it is ORDERED, ADJUDGED AND DE-CREED that the lien of Household Finance Corporation be and hereby is deemed avoided pursuant to 11 U.S.C. Section 522(f).

It is further ORDERED that Household Finance Corporation is enjoined from proceeding with the State Court replevin action, and is ORDERED to dismiss that action forthwith.