**In re Andrew M. GOYDOSCIK, Debtor.**

**Bankruptcy No. 87–3381.
Motion No. 88–3643.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 18, 1988.

Jan Ira Medoff, David S. Shrager & Associates, Pittsburgh, Pa., for debtor.

Russell R. Sanders, May & Long, Pittsburgh, Pa., for ITT Financial Services.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This matter comes before the court by the debtor's Motion to Open Bankruptcy and to Amend Court Order. The debtor seeks to amend the order of March 16, 1988, in which the court avoided the security interest of ITT Financial Services ("ITT") in the debtor's stereo system. The debtor neglected to include his record and tape collection, and video cassette recorder in the original motion to avoid ITT's security interest, and now attempts to avoid that security interest. The debtor's motion is granted; ITT's security interest in the debtor's record and tape collection and video cassette recorder is avoided.

It has been the practice of this court, in the appropriate circumstances, to reopen cases to avoid security interests in property which the debtor claims as exempt. In the instant case, ITT challenges that practice, asserting that the Bankruptcy Code proscribes avoiding liens after the case has been closed. Section 522(i)(1) of the Bankruptcy Code, 11 U.S.C. § 522(i)(1), states that "[i]f the debtor avoids a transfer or recovers a setoff under subsection (f) ... of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title...." Section 550(e) of the Bankruptcy Code, 11 U.S.C. § 550(e), states that "[a]n action or proceeding under this section may not be commenced after the earlier of—(1) one year after the avoidance of the transfer on account of which recovery is sought; or (2) the time the case is closed or dismissed." ITT argues that since section 522(i)(1) makes section 550(e) applicable to lien avoidance, and section 550(e) proscribes such actions after the case has been closed, the debtor's attempt to avoid ITT's security interest in his record collection is untimely.

ITT relies on *Beneficial Finance Co. of Virginia v. Franklin,* 26 B.R. 636 (W.D.

Va.1983), *vacated mem.* 714 F.2d 127 (4th Cir.1983), for support of its position. In that case, several debtors moved to reopen their bankruptcy cases to enable them to avoid liens pursuant to 11 U.S.C. § 522(f). The bankruptcy court avoided the liens, concluding that post-closing lien avoidance is not barred by the Bankruptcy Code. Further, the court held that section 350(b) of the Bankruptcy Code, 11 U.S.C. § 350(b), empowered the court to reopen bankruptcy cases for such purposes. *Beneficial Finance v. Franklin,* 23 B.R. at 638. In reversing the bankruptcy court, the district court used a complex analysis of sections 522, 541 and 550 of the Bankruptcy Code. The court noted that "[o]nce the [security] interest is avoided, § 522(i)(1) operates." *Beneficial Finance v. Franklin,* 26 B.R. at 639. The court further noted that "section 522(i)(1) contemplates three distinct steps: (1) avoidance of the transfer; (2) 'recovery'; and (3) exemption of the property recovered. The 'recovery' step is explicitly made subject to the trustee's ability to 'recover' the property transferred after avoiding a transfer under § 550." *Id.* Since section 550 proscribes recovery by the trustee after the case has been closed, the court reasoned that section 550 likewise prevents the debtor from recovering property after the case has been closed. If the debtor cannot recover property of the estate once the case has been closed, lien avoidance would be futile.

We respectfully decline to follow *Beneficial Finance Co. v. Franklin.* There is substantial authority in which other courts reached a different result. In *In re Barnett,* 30 B.R. 119, 121 (Bankr.N.D.Al.1983), the court "interpret[ed] 522(f) as allowing the debtor to avoid liens without a time limitation, absent prejudice or injury to the lienholder...." First, the court found that allowing the debtor to avoid liens to obtain exemptions was consistent with the fresh start envisioned by the Bankruptcy Code. Second, the court rejected the analysis of sections 522(i)(1) and 550 in *Beneficial Finance v. Franklin:*

Section 522(i)(1) applies the same limitation on the debtors' 522(f) powers, as 550 places on the powers of the Trustee.

Neither the debtor nor the Trustee may recover property from a good faith transferee ... who takes for value.... As it affects the debtors' 522(f) powers, *the reference in 522(i) to Section 550 should not be viewed as a statutory limitation on the right of a debtor to avoid liens under 522(f)....*

*In re Barnett,* 30 B.R. at 121 (emphasis added). *See also Associates Financial Services v. Swanson (In re Swanson),* 13 B.R. 851, 854 (Bankr.D.Idaho 1981) (The reference in section 522(i) "to § 550 is not a statutory limitation on the right of a debtor to avoid liens under § 522(f), but is a time limitation on the right to recover from a transferee."); *cf. In re Skakalski,* 67 B.R. 448, 450 (Bankr.W.D.Pa.1986) ("Neither the statute nor the rules fix any statute of limitations for the filing of a motion for lien avoidance); *Russell v. United States (In re Russell),* 20 B.R. 537, 538 (Bankr.W. D.Pa.1982) ("In light of the Code's silence ..., the court is reluctant to impose a time restriction which may have not bee intended by Congress."); *Stephenson v. General Motors Acceptance Corporation (In re Stephenson),* 19 B.R. 185, 187 (Bankr.M.D. Tenn.1982) ("[N]o statutory time limitation exists which precludes the debtor from filing a § 522(f) complaint ..." after the case has been closed.).

The court in *Barnett* then noted that the debtors did not need to "recover" any property from the secured creditor. The debtors, as in the instant case, listed the property in question as exempt. Although such property is an asset of the estate, it was not administered by the trustee, and therefore abandoned to the party who had a possessory interest. 11 U.S.C. § 554(c). There, as in the instant case, the debtor had the possessory interest. Although the security interest on the property survives discharge and the closing of the case, "all that remains for the debtors to accomplish is to 'avoid the fixing of a lien' under 522(f) and the equitable interest ... merges with the legal title." *In re Barnett,* 30 B.R. at 121.

We find that the reasoning of the bankruptcy court in *In re Barnett* is sound, and

therefore hold that sections 522(i) and 550(e) are inapposite to the instant case. We note that the debtor listed his record and tape collection and video cassette recorder on his Schedule B–4—Property Claimed as Exempt. The principal concern of the Court in reopening cases has been whether reopening would prejudice a creditor. In this connection, we find that ITT has not been prejudiced. Accordingly, we will reopen the case to avoid ITT's security interest in the debtor's record and tape collection and video cassette recorder.